1

Hon. Ricardo S. Martinez

2

3

4

5

6

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

7

8

| PATRICK LEONARD TIERNEY, | Case No.: 20-CV-01245-RSM |

9

Plaintiff,

v.

**DEFENDANTS' MOTION TO DISSOLVE TEMPORARY RESTRANING ORDER**

10

11

CARRINGTON MORTGAGE SERVICES, LLC; AZTEC

**NOTE ON MOTION CALENDAR: OCTOBER 2, 2020**

12

FORECLOSURE CORPORATION OF WASHINGTON, and THE BANK OF

13

NEW YORK MELLON F/K/A/ THE BANK OF NEW YORK AS TRUSTEE

14

FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED

15

CERTIFICATES SERIES 2004-5,

16

Defendants.

17

## I.   RELIEF REQUESTED

18

Defendants Carrington Mortgage Services, LLC ("Carrington") and The Bank of New

19

York Mellon f/k/a the Bank of New York as Trustee for Registered Holders of CWABS, Inc.,

20

Asset-Backed Certificate Series 2004-5 ("BONY") (hereafter referred to collectively as "Moving

21

Defendants") respectfully request this Court dissolve the Temporary Restraining Order ("TRO")

22

granted in state court in favor of Patrick Leonard Tierney ("Plaintiff") and allow Moving

23

Defendants to proceed under state law.

24

///

DEFENDANTS' MOTION TO DISSOLVE TRO

(20-CV-01245-RSM) – Page 1

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

## II.  STATEMENT OF FACTS

### A.  Loan and Default:

On or about March 5, 2004, Plaintiff executed promissory note in the amount of $208,000.00 ("Note") and a deed of trust ("Deed of Trust") which secured the Note (the Note and the Deed of Trust are hereinafter referred to collectively as "the Loan"), and created a first-priority lien against the real property commonly known as 28023 Northeast 140th Place, Duvall, WA 98019 ("Property"). Dkt.  4, pgs 80-96. The Deed of Trust lists Christy A. Tierney and Patrick L. Tierney, wife and husband, as the grantor and Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for MILA, Inc., and its successors and assigns, as the beneficiary. *Id.*

The beneficial interest in the Deed of Trust was thereafter assigned to The Bank of New York Mellon f/k/a the Bank of New York as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificate Series 2004-5, as evidenced by  an  assignment recorded on August 5, 2011. Dkt. #4, p. 97.

Plaintiff defaulted on the Loan by failing to make the payment scheduled for March 1, 2019, and all subsequent payments. Dkt. #4, p. 137.

### B.  Foreclosure and Procedural History:

As a result of the default, the matter was referred to Aztec Foreclosure Corporation ("Aztec") to commence non-judicial foreclosure proceedings, and Aztec issued a Notice of Default on October 25, 2019. Dkt. #4, pgs. 136-141.

On December 9, 2019 the Notice of Trustee's Sale ("NOTS") was recorded, setting a sale date of April 17, 2020. Dkt. #4, pgs. 148-153.

The sale was postponed to June 19, 2020, and then again to July 24, 2020. Declaration of Synova M. L. Edwards ("Edwards Dec.") ¶ 1.

DEFENDANTS' MOTION TO DISSOLVE TRO

(20-CV-01245-RSM) – Page 2

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

1    On July 17, 2020 Plaintiff filed his complaint with a Motion for Temporary Restraining

2   Order. Request for Judicial Notice ("RJN") Ex. 1.  As part of the basis for an injunction, Plaintiff

3   argued that he had been falsely advised that the sale had been cancelled and was forced to seek an

4   injunction because of his late discovery that the sale was still set to go forward as scheduled. Dkt

5   #4, p. 78.

6    On July 23, 2020, following the hearing held on July 21, 2020, King County Superior

7   Court entered a Temporary Restraining Order requiring the Plaintiff to deposit $1,889.51 into the

8   Court Registry in order to stay the sale set for July 24, 2020, and setting a hearing for the

9   Preliminary Injunction on August 20, 2020. Dkt. #1-5, pgs. 33-37. As its basis for granting the

10   temporary restraining order, the state court relied on Plaintiff's assertion that he did not learn until

11   July 15, 2020, that the July 24 sale had not been cancelled. *Id.*

12    On July 23, 2020 Plaintiff deposited $1,889.51 into the registry as required by the Court's

13   Order. Edwards Dec. ¶2.

14    On August 11, 2020, Aztec filed its Answer to the Complaint. Dkt. #5, pgs 45-48.

15    On August 12, 2020, Plaintiff filed his Motion for Preliminary Injunction and related

16   declarations, substantially expanding the basis for the injunction. Dkt. #1-5, pgs 39-53. The

17   hearing on Plaintiff's Motion for Preliminary Injunction was set for August 20, 2020. *Id.*, pgs. 33-

18   37.

19    On August 13, 2020, Plaintiff filed his Amended Complaint adding several new claims.

20   *Id.* at pgs. 55-70.

21    Defendants removed the matter to this Court on August 18, 2020, and confirmed with

22   Superior Court that the hearing set for August 20, 2020 was stricken due to the removal. Dkt. # 1

23   and Edwards Dec. ¶¶3-4.

24    Following removal to this Court Plaintiff has taken no action to reset his Motion for

DEFENDANTS' MOTION TO DISSOLVE TRO

(20-CV-01245-RSM) – Page 3

1  Preliminary Injunction. *See generally,* Dkt. However, Plaintiff has continued to make payments

2  into the registry in King County Superior Court. Edwards Dec ¶6.

3  ### III. STATEMENT OF THE ISSUES

4      1.  Whether Plaintiff's Temporary Restraining Order is still in effect?

5      2.  Whether Plaintiff's Temporary Restraining Order should be Dissolved

6  ### IV. EVIDENCE RELIED UPON

7      This motion is based upon the pleadings of record, the Declaration of Counsel, and the

8  Request for Judicial Notice.

9  ### V.   AUTHORITY AND ARGUMENT

10  **A. Plaintiffs' Temporary Restraining Order is no longer in Effect.**

11      Injunctive orders issued by a state court prior to removal "remain in full force and effect until

12  dissolved or modified by the district court." 28 U.S.C. § 1450. However, as interpreted by the

13  Supreme Court, Section 1450's seemingly broad language does not operate to extend the life of a

14  state court-issued TRO beyond its effective period under state law, or in any case, beyond the

15  time limits set forth in Federal Rule of Civil Procedure 65(b)(2) (*ex parte* TROs expire no later

16  than fourteen days after the date of removal, unless extended by the court for good cause, or by

17  consent of the adverse party). *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto*

18  *Truck Drivers, Local No. 70,* 415 U.S. 423, 426, 435–38, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) (

19  Section 1450 does not "create a special breed of temporary restraining orders that survive beyond

20  the life span imposed by state law ... and beyond the life that the district court could have granted

21  them ....")

22      Here, CR 65(b) provides that a TRO must "expire by its terms within such time after entry,

23  not to exceed 14 days, as the court fixes, unless within the time so fixed the order, for good cause

24  shown, is extended for a like period or unless the party against whom the order is directed

---

DEFENDANTS' MOTION TO DISSOLVE TRO

(20-CV-01245-RSM) – Page 4

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

1    consents that it may be extended for a longer period." ). The King County Superior Court granted

2    the TRO under CR65, with a hearing date set for the Preliminary Injunction on August 20, 2020.

3    Dkt. # 1-5, pgs. 33-37. Accordingly, the TRO expired on August 20, 2020 and is no longer in

4    effect. *ACD Distribution, LLC v. Wizards of Coast, LLC*, No. C18-1517JLR, 2020 WL 4464906,

5    at *3 (W.D. Wash. Aug. 4, 2020) citing to *Granny Goose Foods, Inc.*, 415 U.S. at 440 n. 15, 94

6    S.Ct. 1113.

7    **B. Alternatively, Plaintiffs' Temporary Restraining Order should be Dissolved.**

8         Pursuant to CR 65(b), in part:

9         A temporary restraining order may be granted without written or oral notice to the
10        adverse party or the adverse party's attorney only if (1) it clearly appears from specific
          facts shown by affidavit or by the verified complaint that immediate and irreparable
11        injury, loss, or damage will result to the applicant before the adverse party or her or his
          attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court
12        in writing the efforts, if any, which have been made to give the notice and the reasons
          supporting the applicant's claim that notice should not be required. Every temporary
13        restraining order granted without notice shall be endorsed with the date and hour of
          issuance; shall be filed forthwith in the clerk's office and entered of record; shall define
14        the injury and state why it is irreparable and why the order was granted without notice;
          and shall expire by its terms within such time after entry, not to exceed 14 days, as the
15        court fixes, unless within the time so fixed the order, for good cause shown, is extended
          for a like period or unless the party against whom the order is directed consents that it
16        may be extended for a longer period. The reasons for the extension shall be entered of
          record. In case a temporary restraining order is granted without notice, the motion for a
17        preliminary injunction shall be set down for hearing at the earliest possible time and takes
          precedence over all matters except older matters of the same character; and when the
18        motion comes on for hearing the party who obtained the temporary restraining order shall
          proceed with the application for a preliminary injunction and, if the party does not do so,
          the court shall dissolve the temporary restraining order.

19

20        The federal rule is substantially the same, but specifically allows for a Motion to Dissolve

21   to be set on 2 days time. FRCP 65(b)(4). Here, the King County Superior Court granted the TRO

22   under CR65, with a hearing date set for the Preliminary Injunction on August 20, 2020. Dkt. # 1-

23   5, pgs. 33-37. Following the filing of the notice of removal, and the confirmation from the

24   Superior Court that the scheduled preliminary injunction hearing, Defendants have heard nothing

DEFENDANTS' MOTION TO DISSOLVE TRO

(20-CV-01245-RSM) – Page 5

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

1   from Plaintiff regarding the rescheduling of the hearing.  Edwards Dec. ¶5. While both CR 65(b)

2   and FRCP 65(b)(2) allow for the extension of the TRO, Plaintiff has not sought an extension. *See*

3   *generally,* Dkt. As the TRO expired on the date of the preliminary injunction hearing, no

4   continuance has been sought, and no action has been taken to reset the hearing for the

5   preliminary injunction, the TRO should be dissolved. Upon the entry of an order dissolving the

6   TRO, Defendants can reset the foreclosure sale.

7         Additionally, the claims brought in Plaintiff's Amended Complaint, the currently-

8   operative pleading which supersedes the allegations of the original complaint, no longer support

9   an injunction. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir.2012). Based on the claims

10  alleged, Plaintiff has adequate remedy at law. By the standards for a preliminary injunction the

11  plaintiff must establish an inadequate legal remedy; equitable relief is not available where there

12  is an adequate remedy at law. *Johnson v. CitiMortgage, Inc.,* No. 2:13-CV-00037 RSM, 2013

13  WL 6632108, at *7 (W.D. Wash. Dec. 17, 2013).

14        In his Amended Complaint Plaintiff alleged claims for violations of the Washington

15  Consumer Protection Act (CPA), the Real Estate Settlement Procedures Act (RESPA), the Fair

16  Debt Collections Practices Act (FDCPA),  the Truth in Lending Act (TILA), the Equal Credit

17  Opportunity Act (ECOA), Negligence, and Declaratory and Injunctive Relief.  Plaintiff's RESPA

18  claim is alleged based on the Defendants not providing a timely response to his request for loss

19  mitigation. Dkt. # 1-5, p. 68 ¶ 44. Notwithstanding that a response to the request for loss

20  mitigation was provided (Dkt. # 4, p. 212), remedy under RESPA is limited to monetary

21  damages. 12 USC § 2605 (f).

22        Similarly, FDCPA does not provide for a private right of injunctive relief. 15 USC

23  §1692(k), *see also Taylor v. Quall,* 471 F. Supp. 2d 1053, 1059 (C.D. Cal. 2007).

24        Likewise, relief under TILA is limited to rescission and civil damages. *Merritt v.*

DEFENDANTS' MOTION TO DISSOLVE TRO

(20-CV-01245-RSM) – Page 6

1    *Countrywide Fin. Corp.*, 759 F.3d 1023, 1029 (9th Cir. 2014).

2        While ECOA does provide for injunctive relief, the Plaintiff's claim under ECOA is not

3    viable as the term "adverse action" specifically does not include a refusal to extend additional

4    credit under an existing credit arrangement where the applicant is delinquent or otherwise in

5    default. 15 USC §1961(d)(6). Because Plaintiff's ECOA claim is predicated on such an alleged

6    refusal, the ECOA by its plain terms does not support an injunction.

7        Lastly, while Plaintiff is seeking a permanent injunction to prevent the enforcement of

8    the Deed of Trust, there has been no allegation that the Loan is not in default, and Defendant

9    BONY is the holder of the note. Dkt. # 1-5 pgs. 55-70; Dkt 4 p. 132. Accordingly, because none

10   of Plaintiff's claims support his request for injunctive relief,  the TRO should be dissolved, and

11   no new motion for preliminary injunction entertained.

12                            VI.  **CONCLUSION**

13       Based upon the foregoing, Defendants request that this Motion to Dissolve the

14   Temporary Restraining Order be granted and that the Temporary Restraining Order be lifted to

15   allow Moving Defendants to proceed under state law.

16

17                                          Respectfully submitted,

     Dated: September 30, 2020             WRIGHT, FINLAY & ZAK, LLP

18
                                           */s/ Synova M. L. Edwards*
19                                         Synova M. L.Edwards, WSBA# 43063
                                           *Attorneys for Defendants Wilmington and*
20                                         *Carrington*

21

22

23

24

---

DEFENDANTS' MOTION TO DISSOLVE TRO                    Wright Finlay & Zak, LLP
                                                      612 S. Lucile St., Suite 300
(20-CV-01245-RSM) – Page 7                            Seattle, WA 98108
                                                      (206)946-8109

1

<u>CERTIFICATE OF SERVICE</u>

2

3
I am employed in the County of Orange, State of California. I am over the age of
eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court,
Ste. 200, Newport Beach, CA 92660.

4

5
On September 30, 2020, I served the foregoing documents described as:
1) Defendants' Motion to Dissolve TRO;
2) Proposed Order Granting Defendants' Motion to Dissolve TRO;

6
3) Defendants' Declaration in Support of Motion to Dissolve TRO;
4) Defendants' Request for Judicial Notice

7

8
on the following individuals as indicated below:

9

10
[ ]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the
United States mail at Seattle, WA. I am readily familiar with the firm's business practice
for collection and processing of correspondence for mailing with the U.S. Postal Service

11
pursuant to which practice the correspondence is deposited with the U.S. Postal Service
the same day in the ordinary course of business.

12
[X]   (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF
user constitutes consent to electronic service through the Court's transmission facilities.

13
The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and
counsel of record listed above who are registered with the Court's EC/ECF system.

14

15
Erica St. Louis: erica@creerlegal.com
*Attorneys for Plaintiff*

16
James A Craft & Kelly Sutherland: jcraft@logs.com, jacraftlaw@gmail.com;

17
ksutherland@janewaylaw.com
*Attorneys for Defendant Aztec Foreclosure*

18

19
[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

20

21
I declare under penalty of perjury of the laws of the United States that the foregoing is
true and correct. Executed on September 30, 2020, at Newport Beach, California.

22

23
*/s/ Steve Bennett*
Steve Bennett

24

---

DEFENDANTS' MOTION TO DISSOLVE TRO

(20-CV-01245-RSM) – Page 8

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

1

2                                                      Hon. Judge Ricardo S. Martinez

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**
                     **WESTERN DISTRICT OF WASHINGTON**
8                              **AT SEATTLE**

9    PATRICK LEONARD TIERNEY,              Case No.: 20-CV-01245-RSM

10              Plaintiff,                  **PROPOSED ORDER GRANTING**
                                            **DEFENDANTS CARRINGTON AND**
          v.                                **BONY'S MOTION TO DISSOLVE**
11                                          **TEMPORARY RESTRAINING ORDER**

12   CARRINGTON MORTGAGE SERVICES,
     LLC; AZTEC FORECLOSURE
13   CORPORATION OF WASHINGTON, and
     THE BANK OF NEW YORK MELLON
14   F/K/A/ THE BANK OF NEW YORK AS
     TRUSTEE FOR REGISTERED HOLDERS
15   OF CWABS, INC., ASSET-BACKED
     CERTIFICATES SERIES 2004-5,
16
                Defendants.
17

18        THIS MATTER, having been noted by the clerk to come before the above-entitled court

19   this _____ of _____, 2020, upon Carrington Mortgage Services, LLC ("Carrington") and

20   The Bank of New York Mellon f/k/a the Bank of New York as Trustee for Registered Holders of

     CWABS, Inc., Asset-Backed Certificate Series 2004-5 ("BONY") (hereafter collectively
21
     "Defendants")  Motion to Dissolve the Temporary Restraining Order the court, having considered
22
     Defendants' Motion, Defendants Declaration in Support of Motion, Plaintiff's Response, and
23
     Defendant's Reply and supporting declarations, and the pleadings and records filed herein, IT IS
24
     HEREBY:

PROPOSED ORDER GRANTING DEFENDANTS
MOTION TO DISSOLVE TRO– Page 1                        Wright, Finlay & Zak, LLP
                                                     612 S. Lucile St., Suite 300
                                                       Seattle, WA 98108
                                                        (206) 946-8109

ORDERED ADJUDGED AND DECREED that Defendants' Motion to Dissolve the

Temporary Restraining Order is GRANTED. It is Further

ORDERED ADJUDGED AND DECREED that the Defendants can proceed with

foreclosure under state law.

DONE this _____ day of _____, 2020.


_____
JUDGE RICARDO S. MARTINEZ


Presented by:

WRIGHT, FINLAY, & ZAK, LLP


*/s/ Synova M. L. Edwards*
Synova M. L. Edwards, WSBA # 43063
Attorney for Defendants Carrington and BONY

PROPOSED ORDER GRANTING DEFENDANTS
MOTION TO DISSOLVE TRO– Page 2

Wright, Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206) 946-8109