Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK LEONARD TIERNEY;<br><br>PLAINTIFF,<br><br>VS.<br><br>CARRINGTON MORTGAGE SERVICES, LLC; AZTEC FORECLOSURE CORPORATION OF WASHINGTON; and THE BANK OF NEW YORK MELLON, f/d/a THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-5.<br><br>DEFENDANTS. | CASE NO. 2:20-cv-01245- 2:20-cv-01245-RSM<br><br>OPPOSITION TO MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br>November 13, 2020<br><br>*JURY DEMANDED* |

Plaintiff Patrick Leonard Tierney ("Tierney) hereby responds to the Motion to Dismiss filed by Carrington Mortgage Services, LLC ("Carrington") and The Bank of New York Mellon, f/d/a The Bank of New York as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-5 ("Mellon").

OPPOSITION TO MOTION TO DISMISS - 1
CASE NO. 2:20-CV-01245-RSM

CREER LEGAL
11900 NE FIRST STREET #300G
BELLEVUE, WA 98005
T:(425) 404-2399 F: (425) 406-6898

## I.   TIERNEY HAS PLEAD SUFFICIENT FACTS UNDER THE ECOA

When a creditor denies an applicant's request for credit, 15 USC §1961(d) requires the creditor to provide the applicant with a statement setting forth the "specific reasons" for its decision to deny credit. 15 USC §1961(d)(2)-(3). Tierney alleges that his loss mitigation application was a request for credit and that Carrington not only failed to provide him with the "specific reasons" for its denial, but that it affirmatively misrepresented the grounds. These misrepresented grounds include: 1) zero income; 2) ineligibility due to investor requirement without providing proof of such requirement; and 3) a purported request for a short sale.

Carrington argues that the notice provisions of the ECOA do not apply to loan modification applications. Carrington is wrong. Federal courts are regularly asked this question and consistently hold that a request for a loan modification constitutes an application for credit under the ECOA. *Best v. Federal National Mortgage Association,* 450 F.Supp.3d 606, 641 (D. Maryland 2020); *Gray v. Seterus, Inc.,* 233 F.Supp.3d 865, 870 (D. Oregon 2017); *Boyd v. U.S. Bank,* 787 F.Supp.2d 747, 757 (N.D. Illinois 2011); *Mulato v. Wells Fargo Bank, N.A.,* 76 F.Supp.3d 929 (N.D. California 2014).

Carrington further argues that, even if Tierney is an applicant under the ECOA, it was not required to comply with 15 USC §1961(d) on the grounds that Tierney was in default at the time his submitted his loss mitigation application. This argument was recently address and rejected by the Southern District of West Virginia *Johnson v. James B. Nutter & Co.,* 438 F.Supp.3d 697, 710 (S.D. West Virginia 2020).

The only authority offered by Carrington in support of its argument is an unpublished 2017 decision by the Western District of Washington. Such fails to undermine the reported case authority cited above, including one decision issued within the last nine months.

Moreover, Tierney was ***not*** in default at the time he submitted his loss mitigation application. In fact, Carrington's Notice of Default is dated October 25, 2019 – almost five months after Tierney submitted his initial application. During that five-month period, Carrington

OPPOSITION TO MOTION TO DISMISS - 2
CASE NO. 2:20-CV-01245-RSM

CREER LEGAL
11900 NE FIRST STREET #300G
BELLEVUE, WA 98005
T:(425) 404-2399 F: (425) 406-6898

repeatedly asked Tierney for additional information while simultaneously working to resolve the title defects in the note by preparing Mellon's August 19, 2019 assignment of the MILA note to "itself."

## II. TIERNEY HAS STANDING TO SEEK AN INJUNCTION

Tierney's claim for damages includes a permanent injunction along with monetary damages. The evidence supporting Tierney's request for an injunction is set forth in his motion for a preliminary injunction, which is currently pending. [Dkt. 12]

In its motion to dismiss, Carrington argues that Tierney lacks standing to seek an injunction, citing to *Hummel v. Northwest Services, Inc.*, 180 F.Supp.3d 798 (2016). Carrington raised the same argument in its opposition to Tierney's motion for preliminary injunction. [Dkt. 18] As set forth in Tierney's reply brief [Dkt. 19], *Hummel* does not stand for the proposition that Tierney lacks standing to seek an injunction. Here, Tierney has submitted evidence that Mellon does not own the note that is the subject of the deed of trust. No such issue was presented in *Hummel*. To the contrary, ownership of the note in *Hummel* was uncontested and unequivocally established by the documented chain of title. The issue presented in that case was whether the plaintiff could *invalidate the loan* on the grounds that MERS' name was reflected on the deed of trust. No such issue is presented here. Tierney does not object to MERS being identified on the deed of trust. Tierney objects to the efforts of MERS to transfer title of the note while MILA was in bankruptcy.

## III. TIERNEY STIPULATES TO A DISMISSAL WITHOUT PREJUDICE OF HIS TILA CLAIM

Carrington seeks a dismissal of Tierney's claim under the Truth in Lending Act ("TILA") on the grounds that it is time barred. Tierney's complaint alleges that his TILA claim is subject to the doctrine of equitable tolling. Since filing the complaint, the parties have produced initial disclosures. A review of these disclosures failed to reveal additional evidence that Tierney

OPPOSITION TO MOTION TO DISMISS - 3
CASE NO. 2:20-CV-01245-RSM

CREER LEGAL
11900 NE FIRST STREET #300G
BELLEVUE, WA 98005
T:(425) 404-2399 F: (425) 406-6898

anticipated in support of his TILA claim.  As such, Tierney agrees to voluntarily dismiss his claim under TILA, without prejudice.

Dated:  November 19, 2020          CREER LEGAL

By: _____
Erica A. St. Louis
WSBA # 28793
Counsel for Platiniff

OPPOSITION TO MOTION TO DISMISS - 4
CASE NO. 2:20-CV-01245-RSM

CREER LEGAL
11900 NE FIRST STREET #300G
BELLEVUE, WA 98005
T:(425) 404-2399 F: (425) 406-6898