UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK LEONARD TIERNEY,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, et al.,<br><br>Defendants. | Case No. C20-1245RSM<br><br>ORDER GRANTING IN PART PARTIAL MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the Court on Defendants Carrington Mortgage Services, LLC ("Carrington") and Bank of New York Mellon ("BONY")'s Partial Motion to Dismiss under Rule 12(b)(6). Dkt. #15. Defendants move to dismiss Plaintiff's claims for violation of the Truth in Lending Act ("TILA"), violation of the Equal Credit Opportunity Act ("ECOA"), and the request for injunctive and declaratory relief. Plaintiff Tierney opposes in part, stipulating to a voluntary dismissal of his TILA claim. Dkt. #21. The Court has reviewed the briefing and supplemental briefing and now rules that Defendants' Motion is GRANTED IN PART.

## II.  BACKGROUND

On March 5, 2004, Plaintiff Tierney and his now deceased wife executed a promissory note in the amount of $208,000.00 ("Note") and a deed of trust ("Deed of Trust"), which

ORDER GRANTING IN PART PARTIAL MOTION TO DISMISS - 1

secured the Note (the Note and the Deed of Trust are hereinafter referred to collectively as "the Loan"), and created a first priority lien against the real property commonly known as 28023 Northeast 140th Place, Duvall, WA 98019 ("Property"). Dkt. #1-6 ("Amended Complaint"); *see also* Dkt. #4 at 80-96. The Deed of Trust lists Christy A. Tierney and Patrick L. Tierney, wife and husband, as the grantor and Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for MILA, Inc., and its successors and assigns, as the beneficiary. *Id*.

The interest in the Deed of Trust was thereafter assigned to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificate Series 2004-5, as evidenced by an assignment recorded on August 5, 2011. Dkt. #4 at 97.

The Tierneys faced a financial crisis in early 2019 due to Mr. Tierney's medical expenses. Dkt. #1-6 at 3–4. Then Mr. Tierney's wife died suddenly in April of 2019. *Id.* at 4. Plaintiff defaulted on the Loan by failing to make the payment scheduled for March 1, 2019, and all subsequent payments. Dkt. #4, p. 137.

Mr. Tierney made several requests for mortgage assistance, the basis for claims not at issue in this Motion. *See id.* at 4–12.

As a result of the default, the matter was referred to Aztec Foreclosure Corporation ("Aztec") to commence the non-judicial foreclosure proceedings against the Property, and Aztec issued a Notice of Default on October 25, 2019. Dkt. #4 at 136-141.

On December 9, 2019 Aztec recorded a Notice of Trustee's Sale ("NOTS"), setting a sale date of April 17, 2020. *Id.* at 148-153. The sale was postponed to June 19, 2020, and then again to July 24, 2020. Dkt #11-2, ¶1.

ORDER GRANTING IN PART PARTIAL MOTION TO DISMISS - 2

On July 17, 2020, Plaintiff filed his complaint with a Motion for Temporary Restraining Order. Dkt. #11-1. The complaint alleged claims for Violation of the Washington Consumer Protection Act, Breach of Fiduciary Duty, and Negligence. Dkt. #1-5.

On August 13, 2020, Plaintiff filed his Amended Complaint adding several new claims for violation of the Real Estate Settlement Procedures Act, the Fair Debt Collections Practices Act, the Truth in Lending Act, and the Equal Credit Opportunity Act. *See* Dkt. #1-6. He also added a claim for declaratory and injunctive relief to prevent Defendants from exercising their rights under the 2004 Deed of Trust. *Id.*

Defendants removed the matter to this Court on August 18, 2020. Dkt. # 1.

### III.   LEGAL ANALYSIS

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

ORDER GRANTING IN PART PARTIAL MOTION TO DISMISS - 3

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

The parties agree that Plaintiff's TILA claim is time barred, and the Court will dismiss it without prejudice. *See* Dkt. #21 at 3.

Plaintiff claims Defendants violated ECOA by failing to provide a written notice of the specific reasons for adverse action. Dkt. #1-6 at 14. The Equal Credit Opportunity Act ("ECOA") was enacted to prohibit creditors from discriminating against applicants on the basis of race, color, religion, national origin, sex, marital status, or age. 15 U.S.C. 1691(a). When a creditor denies an applicant's request for credit, an "adverse action," 15 U.S.C. §1691(d) requires the creditor to provide the applicant with a statement setting forth the "specific reasons" for its decision to deny credit. 15 USC §1961(d)(2)-(3). However, an adverse action under this section does "does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default. 15 U.S.C. §1691(d)(6).

Defendants argue that Plaintiff fails to claim that he was discriminated against on the basis of any of the above, and furthermore that:

> The implementing regulations… exclude "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account." 12 C.F.R. § 202.2(c)(2)(ii). As Plaintiff is in default on his loan, and was in default at all times referenced relating to requesting mortgage assistance (see generally Dkt #1-5 pgs 55-70), actions taken by Defendants are not adverse actions as defined by the statute and the notice requirement of the ECOA does not apply.

ORDER GRANTING IN PART PARTIAL MOTION TO DISMISS - 4

Dkt. #15 at 7 (citing *Sergeant v. Bank of Am., N.A.*, No. C17-5232 BHS, 2017 WL 3895699, at *3 (W.D. Wash. Sept. 6, 2017)).

Plaintiff responds that he was not technically in default at the time he submitted his loss mitigation application. Dkt. #21 at 2.

On Reply, Defendants note that "Plaintiff admits that in April 2019, he was two months behind on mortgage payments, and his first application for assistance was submitted on May 31, 2019," and that, "even if the loan were not in 'default' as the Plaintiff contends, 15 U.S.C. §1691(d)(6) says '[s]uch term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is **delinquent** or otherwise in default," and there is no doubt that Plaintiff was delinquent at the time of his application for mortgage assistance. Dkt. #22 at 3 (emphasis in original).

The Court finds that the pleadings and judicially noticed documents establishes that Plaintiff was delinquent or otherwise in default at the time he submitted his first application for assistance under an existing credit arrangement, and that therefore under 15 U.S.C. §1691(d)(6) he cannot bring a claim under this statute for failure to receive a statement of reasons.

Finally, the Court finds that the parties' arguments for dismissal of Plaintiff's claims for declaratory and injunctive relief are so intertwined with the pending Motion for Preliminary Injunction that deferral of a ruling is appropriate. Both parties rely on citations to their briefing on that Motion. The Court will thus address this issue when it rules on that Motion.

### IV.   CONCLUSION

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDER that Defendants' Partial Motion to Dismiss under Rule

ORDER GRANTING IN PART PARTIAL MOTION TO DISMISS - 5

12(b)(6), Dkt. #15, is GRANTED IN PART. Plaintiff's TILA and ECOA claims are DISMISSED as set forth above. Plaintiff's claims for declaratory and injunctive relief remain.

DATED this 18th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE