UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK LEONARD TIERNEY,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, et al.,<br><br>Defendants. | Case No. C20-1245RSM<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Patrick Leonard Tierney's Motion for Preliminary Injunction. Dkt #12. Defendants Carrington Mortgage Services, LLC ("Carrington") and the Bank of New York Mellon ("BONY") oppose. Dkt. #18. The Court has determined that oral argument is unnecessary. The Court has reviewed the briefing and supplemental briefing and now rules that Plaintiff's Motion for Preliminary Injunction is GRANTED as set forth below. Defendants' Motion to dissolve TRO, Dkt. #11, will be GRANTED IN PART as the preliminary injunction renders the TRO moot.

//

//

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 1

## II. BACKGROUND

**A. Procedural History**

This case concerns Defendants' handling of Plaintiff Tierney's home loan and attempts to pursue foreclosure. Mr. Tierney brings claims against Defendants for violations of Washington's Consumer Protection Act ("CPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collections Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), the Equal Credit Opportunity Act ("ECOA"), as well as a claim for declaratory and injunctive relief and negligence. *See* Dkt. #1-6. The background facts of this case have previously been set forth by the Court's Order on Defendants' Motion for Partial Summary Judgment and the Court incorporates those facts by reference. *See* Dkt. #27. The Court will focus on those facts more relevant to this Motion.

As a result of Mr. Tierney's default on his home loan, the matter was referred to Aztec Foreclosure Corporation ("Aztec") to commence the non-judicial foreclosure proceedings against the Property, and Aztec issued a Notice of Default on October 25, 2019. Dkt. #4 at 136-141. On December 9, 2019 Aztec recorded a Notice of Trustee's Sale ("NOTS"), setting a sale date of April 17, 2020. *Id*. at 148-153. The sale was postponed to June 19, 2020, and then again to July 24, 2020. Dkt #11-2, ¶1. Mr. Tierney managed to stop the sale by filing a lawsuit with a motion for temporary restraining order ("TRO") in state court. Dkt. #1-5.

On July 22, 2020, the state court granted Tierney's TRO pending an August 20, 2020, preliminary injunction hearing. The court issued the following finding:

> This Court finds that Tierney is entitled to equitable relief based upon evidence presented that the conduct and statements of Defendants lulled Tierney to believe that the July 24, 2020 foreclosure auction had been postponed. On July 15, 2020, Tierney learned for the first time that the auction had not been postponed. By that time, Tierney had no ability to prevent the sale other by

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 2

> filing the pending ex parte application for injunctive relief. Neither Carrington nor Aztec offered evidence or argument in opposition to this finding.

Dkt. #4-1 at 136.

As bond for the order, Mr. Tierney was required to make monthly deposits into the court registry in the amount of $1,889.51. *Id*. at 137.

The preliminary injunction hearing never happened in state court because Defendants removed to this Court prior to the above date. Mr. Tierney later filed the instant Motion.

**B. Communications between the Parties about Mortgage Assistance**

Back on April 30, 2019, prior to any type of delinquency notice from Defendants, Mr. Tierney's attorney called the mortgage servicer Carrington to disclose the death of Mr. Tierney's wife and of his need for mortgage assistance. One week later, Carrington sent Mr. Tierney a Notice of Pre-Foreclosure Options. Dkt. #4-1 at 63. Mr. Tierney's attorney contacted Carrington again on May 14, 2019, regarding the Notice of Pre-Foreclosure Options and reiterated Tierney's need of mortgage assistance. *Id.* at 71.

Mr. Tierney submitted what he thought was his completed request for mortgage assistance ("RMA") application to Carrington on May 31, 2019. *Id.* at 37. On June 4, Carrington acknowledged receipt of the application and requested additional documents. *Id.* at 43. The June 4 letter states that Carrington "must receive the… documentation no later than 06/19/2019" and that "[f]ailure to submit all required documentation by 06/19/2019 may result in ineligibility for a workout option and, unless prohibited by law, any applicable foreclosure proceedings will continue…" *Id.* Three days later Carrington sent Tierney a letter stating that it had that it has been trying to reach him and that it was critical that he make contact immediately in order to seek mortgage assistance avoid foreclosure. *Id.* at 45.

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 3

On June 24, 2019, Mr. Tierney alleges he provided Carrington with the documents requested in its June 4, 2019 letter. *Id.* at 43. Thirty days later, Carrington sent Tierney a "Notice of Cancellation" stating that his RMA application had "been cancelled because we did not receive all documents to complete our review process." *Id.* at 54.

On August 29, 2019, Mr. Tierney sent a letter to Carrington and Aztec stating "[o]n May 31, 2019, I submitted to Carrington a completed application of Request for Mortgage Assistance ("RMA").... This week I received a one-page document from Aztec Foreclosure Corporation.... The document contains no reference to the pending RMA.... The document further states that if I do not respond within 30 days, I will waive the right to dispute some issue relevant to the loan." Dkt. #18-1 at 61. Mr. Tierney writes "...please consider this letter formal written notification that I am seeking a modification of this loan due to financial distress. I have submitted an RMA and am awaiting a response regarding next steps." *Id*.

In briefing, Defendants characterize this letter as "a new request form the Plaintiff asking for mortgage assistance." Dkt. #18 at 3 (citing Dkt. #18 ("Ostermann Decl."), ¶ 8).[1] This letter is clearly not a new request for mortgage assistance, instead it reflects a breakdown in communication. Defendants then state, in briefing, that Mr. Tierney's request was "deemed to be incomplete so additional documents were requested.... The requested documents were not provided [so] a Cancellation Notice was sent." Dkt. #18 at 3.

On December 10, 2019, Carrington sent Tierney a letter purporting to acknowledge an RMA application submitted on December 3, 2019. Dkt. #4-1 at 84. However, Mr. Tierney did not submit an RMA application on December 3. Defendants have submitted a letter from Mr. Tierney's attorney dated December 3, 2019; this letter requests "an in-person meeting for the

---

[1] Although Defendants cite to paragraph 8 of the declaration of Elizabeth A. Ostermann, the Court has concluded that this was in error. Paragraph 8 does not cite to any letter from Mr. Tierney. Paragraph 18 is the correct citation. This paragraph cites to an attached Exhibit that the Court has reviewed and cited to above.

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 4

purpose of providing Leonard with appropriate mortgage assistance." Dkt. #18-1 at 71. The letter concludes with "[p]lease consider this letter to be his formal request for a meeting and/or mediation for the purpose of negotiating modifications…" *Id*. On January 11, 2020, Carrington declared the purported December 2019 RMA application to be "complete." Dkt. #4-1 at 86. Two days later, Carrington denied that application on the grounds that the loan was past its maturity date and therefore ineligible for a modification. *Id.* at 87.

On April 7, 2020, Carrington sent Mr. Tierney two letters. The first April 7 letter served to "inform" Tierney that his loan was delinquent and states: "Carrington offers several loss mitigation options if you are having difficulty making your mortgage payments." *Id.* at 92.

The second April 7 letter purports to confirm that Mr. Tierney had requested the disposal of his home by short sale. *Id.* at 91. Mr. Tierney argues he never made such request, orally or in writing.

### III. LEGAL ANALYSIS

Granting a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). A party can obtain a preliminary injunction by showing that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Id*. at 555 U.S. 20. A preliminary injunction may also be appropriate if a movant raises "serious questions going to the merits" and the "balance of hardships . . . tips sharply towards" it, as long as the second and third *Winter* factors are satisfied. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

**A. Likelihood of Success on the Merits**

Although Plaintiff brings many claims against Defendants, his main argument in this Motion rests on the ability to obtain injunctive relief under the CPA. In order to state a claim for relief under the CPA, a plaintiff must allege facts sufficient to meet each of the following elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986); *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 204 P.3d 885, 889 (2009).

Plaintiff alleges violations of the Washington's Deeds of Trust Act ("DTA") and the Real Estate Settlement Procedures Act ("RESPA"). RCW 61.24 et. seq. and 12 USC § 2601 et. Seq. Violations of DTA and RESPA can constitute unfair and deceptive acts under the CPA and support a claim for injunctive relief. *See Bain v. Metropolitan Mortg. Group, Inc.*, 175 Wn.2d 83, 118 (2012); *Brown v. Washington State Dept. of Commerce*, 184 Wn.2d 509, 531, n.12 (2015); *Trujillo v. Northwest Trustee Services, Inc.*, 183 Wn.2d 820 (2015); *McDonald v. OneWest Bank*, 929 F.Supp.2d 1079 (2013).

Mr. Tierney argues that Defendants violated RESPA by failing to respond to written requests for information or inquiry regarding the account, *see* 12 USC §2605(e); 12 CFR §§1024.31, 1024.35 & 1024.36, by engaging in "dual tracking," *see* 12 USC §2605(e) and (k); 12 CFR §1024.41(g), and by manufacturing grounds for denial of Mr. Tierney's RMA application. *See* Dkt. #12 at 11–15 (citing, *e.g.*, 12 CFR §1024.38(b)(2)).

Defendants argue that Mr. Tierney has failed at this stage to show a likelihood of success on a dual tracking claim, because each of Mr. Tierney's RMAs was denied due to lack of requested documents prior to the foreclosure proceedings. *See* Dkt. #18 at 9–10. The Court

does not necessarily agree with Defendants. The record is very muddled on what was and was not an RMA and when Defendants began to pursue foreclosure.

The Court is, however, even more convinced that Mr. Tierney has demonstrated a likelihood of success on his other claims of RESPA violations. The record shows Carrington's communications with Mr. Tierney and his attorney to be confusing, contradictory, and often full of factual errors. The Court agrees with Mr. Tierney's characterization of Defendants' communications as robotic:

> Carrington not only failed to implement the required procedures, it is not clear if Tierney's application was reviewed by a live person. In the year that followed the original RMA application, Carrington sent Tierney a series of non-sensical computer-generated generic letters, none of which addressed the substance of his RMA.

Dkt. #12 at 4.

Mr. Tierney argues that Carrington manufactured grounds for denial of his RMA application by, *e.g.*, stating that the loan could not be modified because it matured on April 1, 2019, even though "in its letters of May 7, 2019, June 4, 2019 June 7, 2019, April 7, 2020, Carrington advised Tierney that a loan modification *was* one of the loss mitigation options for which he could be considered. *Id.* at 13 (citing Dkt. #4-1 at 32, 43, 45, and 92) (emphasis in original).

The Court finds that Mr. Tierney has adequately presented evidence to demonstrate a likelihood of success on the merits of his RESPA claim. The above alleged violations of RESPA can constitute unfair and deceptive acts under the CPA, warranting injunctive relief. Defendants do not substantively address the remaining elements of a CPA claim. The Court will, at this early stage, find that there is a sufficient likelihood that Mr. Tierney could succeed on satisfying his CPA claims given the impact on the public interest inherent in RESPA cases.

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 7

The Court need not address the remainder of Plaintiff's claims for likelihood of success, finding that the requested relief is supported by the above.

### B. Irreparable Harm

Defendants argue that even if Plaintiff's RESPA claims were viable, the remedy would be monetary damages under 12. U.S.C. §2605(f), not a preliminary injunction. Dkt. #18 at 9. Plaintiff does not directly respond to this point. However, even if Plaintiff's relief under RESPA is limited to monetary damages, which can be recovered at the end of this action, he is entitled to injunctive relief under his other causes of action, including the CPA cause of action, which may proceed based on the violation of RESPA.

Plaintiff argues that it is well-settled that being kicked out of his home can constitute irreparable harm. Dkt. #12 at 17. The Court finds that, although there has been insufficient analysis of this factor by both parties, it is satisfied.

### C. Balance of Equities

Defendants do not address this element. *See* Dkt. #18. The Court finds that equity lies with Mr. Tierney, who is attempting to retain his home, and not with Defendants, who are engaged in this purely as a matter of business.

### D. The Public Interest

Mr. Tierney argues that "[t]he wrongful conduct alleged herein and the governing authority have a direct and significant impact on the public interest." Dkt. #12 at 18 (citing cases). The Court agrees. Again, Defendants do not address this element. Considering all the factors for granting a preliminary injunction, the Court finds that the requested relief is warranted.

### E. Rule 65(c) Security

Federal Rule of Civil Procedure 65(c) provides that the Court may grant a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Defendants "request that the Plaintiff be required to submit bond payments to the court registry each month in the amount of $1,889.51, the amount of the monthly mortgage payment." Dkt. #18 at 12. Mr. Tierney has been making this payment as bond for the prior TRO. The Court finds that such bond is appropriate.

## IV. CONCLUSION

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Preliminary Injunction, Dkt. #12, is GRANTED.
2. The Defendants and their agents are enjoined from taking any action, directly or indirectly, to foreclose on the property located at 28023 NE 140th Place, Duvall Washington.
3. This Order shall remain in effect until the close of this case, unless otherwise ordered by the Court.
4. Bond is set in the amount of $1,889.51, to be deposited in the court registry on the first day of each month.
5. Defendants' Motion to Dissolve TRO, Dkt. #11, is GRANTED IN PART as the TRO is now moot. The parties are to meet and confer on any necessary actions to resolve the TRO as issued in state court and the proper future placement of the funds deposited in the state court registry.

DATED this 25th day of March, 2021.

　　　　　　　　　　　　　　　A
　　　　　　　　　　　　　　　RICARDO S. MARTINEZ
　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 10