UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK LEONARD TIERNEY,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, et al.,<br><br>Defendants. | Case No. C20-1245RSM<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL |

This matter comes before the Court on Defendant Carrington Mortgage Services, LLC's Motion to Continue Trial. Dkt #61. Plaintiff Patrick Leonard Tierney opposes this Motion. Dkt. #66. Defendant Aztec Foreclosure Corporation does not oppose. Dkt. #65.

Trial is currently set for September 27, 2021. Carrington moves to continue trial for "not less than ninety (90) days" due to the "unexpected unavailability" of its trial counsel, Lukasz I. Wozniak. Dkt. #61 at 1–2. Carrington asserts that Mr. Wozniak has been "ordered to appear as trial counsel for a jury trial, which is set to commence in Department 37 of the Los Angeles Superior Court on September 28, 2021, Los Angeles Superior Court Case No. BC538182 entitled *Vargas vs. Ocwen Loan Servicing, LLC*." *Id*. at 2. The *Vargas* trial is scheduled to last two weeks. *Id*. Mr. Wozniak is not counsel of record for Carrington and has

ORDER GRANTING MOTION TO CONTINUE TRIAL - 1

only recently appeared as a signatory on a filing.  Carrington nevertheless maintains that Mr. Wozniak has been involved in trial preparation since the Spring of 2021 and is actively involved in the preparation of this case for trial.  *Id*.

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The decision to modify a scheduling order is within the broad discretion of the district court.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  *Id*. at 609.  If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule.  *Id*.  However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted.  *Id*.  Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

Plaintiff argues there is no evidence of Mr. Wozniak's prior involvement in this case and that "Carrington already has two attorneys that it previously identified as trial counsel." Dkt. #66 at 3.  Plaintiff concludes "[u]nder Carrington's reasoning, a party could obtain a last-minute trial continuance in any matter by simply adding an attorney to the trial team who has a calendar conflict with scheduled trial date."  *Id*.

Unavailability of trial counsel typically constitutes good cause for continuance of trial.  The Court is concerned by the lack of evidence that Mr. Wozniak is "actively involved" in this matter.  However, the Court is inclined to take defense counsel at their word and finds no reason to question Carrington's diligence in preparing for trial.  The Court notes that the trial date in this matter has not previously been continued, and that if the Court grants this request

ORDER GRANTING MOTION TO CONTINUE TRIAL - 2

any prejudice to Plaintiff is minimal given the Preliminary Injunction Order. *See* Dkt. #28. The Court will thus continue trial to a date sufficiently after the *Vargas* trial so as not to prejudice Carrington.

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Carrington's Second Motion to Continue Trial, Dkt #61, is GRANTED. Trial is continued until **January 31, 2022**. A revised scheduling order with remaining pretrial deadlines will be issued shortly.

2) Defendants' Motion to Continue Trial Date, Dkt. #54, seeks the same relief and is therefore STRICKEN AS MOOT.

DATED this 7th day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE