UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK LEONARD TIERNEY,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, et al.,<br><br>Defendants. | Case No. C20-1245RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION/CLARIFICATION |

This matter comes before the Court on Plaintiff Patrick Leonard Tierney's "Motion for Reconsideration/Clarification." Dkt. #73. On September 7, 2021, the Court granted Defendant Carrington Mortgage Services, LLC's Motion to continue trial based on a scheduling conflict. Dkt. #68. At the same time the Court struck as moot Carrington's parallel Motion, Dkt. #54, seeking to continue trial to allow for a ruling on dispositive motions. *Id.* Although the Court did not address discovery issues in its Order, Plaintiff now "seeks clarification" on whether discovery should be reopened, and argues Defendants should not be able to decline to agree to reopen discovery via stipulation and then later claim prejudice as to this issue at trial. *See* Dkt. #73 at 3. But that is not all. This Motion for Reconsideration/Clarification then dives into

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION/CLARIFICATION - 1

issues related to the pending Summary Judgment Motions, mentions a possible amendment to pleading, and concludes by asking the Court to rule that:

- "[t]he allegations in the first amended complaint serve to put Carrington and BONY on notice of the ten arguments identified herein;"
- Defendants "are not entitled to conduct additional discovery;"
- Plaintiff "is entitled to present argument and evidence in support of then [sic] ten arguments at the time of trial;"
- "Ostermann is an officer of Carrington and is compelled to appear for trial in response to Tierney's trial subpoena;"
- Defendant Aztec is on notice that Plaintiff is asserting a claim against it under the FDCPA;
- "no further trial continuance is warranted based upon the foregoing issues."

*Id.* at 8–9.

The Court hardly knows what to make of this filing. This is not a properly filed motion to amend, discovery motion, or motion in limine. Instead, it is filed as Motion for Reconsideration and noted for same-day consideration.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION/CLARIFICATION - 2

sought in the court's prior ruling." LCR 7(h)(2).  No response to a motion for reconsideration shall be filed unless requested by the court.  LCR 7(h)(3).

Plaintiff Tierney has filed something plainly labeled a "Motion for Reconsideration" without even attempting to point to manifest error in the prior ruling or relevant new facts or legal authority.  As such, the Court can easily deny a request to reconsider its prior Order.

Plaintiff's motley wish list of requests cannot hide in a Motion for Reconsideration or a Motion for Clarification and should not be included in a single Motion.  Much of this is procedurally improper without showing good cause to seek such relief after the deadline to amend pleadings or file discovery motions, and indeed after the deadline for the filing of motions in limine.  The Court does not generally pre-emptively rule on the filing of future Motions.  It would be improper for the Court to issue rulings on any of these requests.

Setting aside all the extraneous requests, even if Plaintiff was actually just confused by the Court's failure to address the need to reopen discovery, this Motion cuts off Defendants' opportunity to respond and essentially demands an immediate answer from the Court.  The Court does not condone filing a same-day motion under these circumstances where there is no emergency and trial is months away.

Nevertheless, the Court will attempt to clarify.  Carrington's Motion at Dkt. #54 sought only to "continue the September 27, 2021 trial date and all remaining, trial-related dates for not less than ninety (90) days to allow the Court time to rule on the Motions for Summary Judgment."  Dkt. #54 at 7.  Although the Motion discussed a need to conduct additional discovery, it did not move to reopen discovery, which had closed on June 1, 2021.  *See* Dkt. #23.  Accordingly, the relief it sought was mooted by the Court's Order continuing trial and the Motion was properly stricken.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION/CLARIFICATION - 3

The Court will not reopen discovery unless a party or parties move for that relief in a properly noted motion satisfying the standard for the modification of a scheduling order. The Court will not weigh in on pending discovery negotiations between the parties unless it can be demonstrated that a Court order or rule has been violated. Improper argument at trial can be addressed via objections. Good cause must be shown for either party to file a discovery motion, motion to amend, or motion in limine after the deadline has passed.

Having considered the above Motion and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Patrick Leonard Tierney's "Motion for Reconsideration/ Clarification," Dkt. #73, is DENIED as set forth above.

DATED this 20th day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION/CLARIFICATION - 4