Hon. Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PATRICK LEONARD TIERNEY,<br><br>   Plaintiff,<br><br> v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC; AZTEC FORECLOSURE CORPORATION OF WASHINGTON, and THE BANK OF NEW YORK MELLON F/K/A/ THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES SERIES 2004-5,<br><br>   Defendants. | Case No.: 20-CV-01245-RSM<br><br>**DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION**<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 10, 2021** |

## I. RELIEF REQUESTED

By way of this Motion, defendant Carrington Mortgage Services, LLC ("Carrington") respectfully requests this Court to dissolve the Preliminary Injunction that was entered on March 25, 2021 [Dkt. #28] in this case, for purpose of allowing Carrington to record a discontinuance of the current Notice of Trustee's Sale and, since there is no currently pending Request for Mortgage Assistance, record a new Notice of Trustee's Sale. Carrington's request is based on the fact that it had prevailed on the merits of Plaintiff's claim for violation of the CPA, which served as the basis

DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION

(20-CV-01245-RSM) – Page 1

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

for the pending Preliminary Injunction and on the fact that the relief that is available to Plaintiff in his sole remaining claim for violation of RESPA is limited to monetary damages. Accordingly, the Preliminary Injunction is no longer appropriate or warranted and, as such, should be dissolved.

## II. STATEMENT OF FACTS

On March 25, 2021, this Court entered its Order Granting Motion for Preliminary Injunction on the grounds that the Plaintiff was likely to prevail on his Real Estate Settlement Procedures Act (RESPA) claim, which would be sufficient to support his claim under the Washington Consumer Protection Act (CPA), and the CPA claim supported his request for a preliminary injunction. Dkt. #28; *see also*, [Dkt. #85].

On November 12, 2021, this Court entered its ruling on the parties cross motions for summary judgment, where the Court, among other things, dismissed the Plaintiff's claim for violations of the CPA. Dkt. #85. The Court also dismissed all claims against defendants The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates Series 2004-5 and Aztec Foreclosure Corporation of Washington. *Id.*

The only claim remaining for trial is the RESPA claim against Carrington for alleged dual tracking at the time the Notice of Trustee's Sale was recorded. Dkt. #85.

## III. STATEMENT OF THE ISSUES

1. Whether Plaintiff's Preliminary Injunction can be dissolved?

## IV. EVIDENCE RELIED UPON

This motion is based upon the pleadings of record.

## V. AUTHORITY AND ARGUMENT

Injunctive relief is not warranted (or appropriate) in situation where remedies available at

DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION

(20-CV-01245-RSM) – Page 2

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

law, such as monetary damages, are adequate to compensate the plaintiff for his/her purported injury. *See, Washington v. United States Dep't of the Navy,* 2020 U.S. Dist. LEXIS 250945, at *25-26 (W.D. Wash. July 22, 2020) ["The Ninth Circuit has explained that a preliminary injunction is not appropriate unless monetary damages or other legal remedies are inadequate to compensate plaintiffs."]; *Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1180 (W.D. Wash. 2020); *Goldie's Bookstore, Inc. v. Superior Court of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984).

Further, to dissolve the injunction, the moving party bears the burden of establishing that "a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston,* 233 F.3d 1166, 1170 (9th Cir. 2000). A significant change is one that pertains to the underlying reasons for the injunction. *United States v. Swift & Co.,* 189 F.Supp. 885, 905 (D.C.Ill. 1960), *aff'd per curiam,* 367 U.S. 909, 81 S. Ct. 1918, 6 L. Ed. 2d 1249 (1961) ("Conditions existing at the time of original entry must be compared with conditions at the time of requested modification, and the significance of the difference measured in the light of these original reasons").

A significant change in facts has occurred here, as the claim on which the Court premised its order granting the preliminary injunction has already been resolved in Carrington's favor and against Plaintiff.

The sole remaining claim in this action is the Plaintiff's RESPA claim for the alleged dual tracking. Dkt. #85. However, remedies for RESPA violations have been provided by statute, 12 U.S.C. § 2605(f), and are limited to monetary damages; the statute does not provide for injunctive relief. 12 USC § 2605 (f). Therefore, even if Plaintiff prevails on the merits of his sole remaining claim at trial, he can only recover a monetary award against Carrington. Since the Legislature determined that legal remedy is sufficient to compensate Plaintiff for Defendants' alleged violation remaining at issue herein, the preliminary injunction is no longer warranted and

DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION

(20-CV-01245-RSM) – Page 3

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

should be dissolved. *Washington, supra v,* 2020 U.S. Dist. LEXIS 250945, at *25-26;*Sharp v. Weston,* 233 F.3d at 1170.

Additionally, the Court's Order granting the preliminary injunction provides that "[t]he Defendants and their agents are enjoined from taking **any action, directly or indirectly, to foreclose on the property**…" Dkt. 28, at 9 [emphasis added]. To ensure its compliance with the order, Carrington requests the Court to dissolve the Preliminary Injunction to allow Carrington to record a Notice of Discontinuance of Trustee's Sale for the existing Notice of Sale, and subsequently record a new Notice of Trustee's Sale.

## VI. CONCLUSION

Based upon the foregoing, Carrington requests that this Motion to Dissolve the Preliminary Injunction be granted and that the Preliminary Injunction be dissolved to allow Carrington to record a discontinuance of the current Notice of Trustee's Sale and, since there is no currently pending Request for Mortgage Assistance, record a new Notice of Trustee's Sale.

Dated: November 16, 2021

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

/s/ *Synova M. L. Edwards*
Synova M. L.Edwards, WSBA# 43063
*Attorneys for Defendants Wilmington and Carrington*

DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION

(20-CV-01245-RSM) – Page 4

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

# CERTIFICATE OF SERVICE

I am employed in the County of King, State of Washington. I am over the age of eighteen (18) and not a party to the within action. My business address is 612 S. Lucile St., Suite 300, Seattle, Washington.

On November 16, 2021, I served the foregoing documents described as:
1) Defendant's Motion to Dissolve Preliminary Injunction;
2) Proposed Order Granting Defendant's Motion to Dissolve Preliminary Injunction

on the following individuals as indicated below:

[ ] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Seattle, WA. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

Erica St. Louis: erica@creerlegal.com
*Attorneys for Plaintiff*

James A Craft & Kelly Sutherland: jcraft@logs.com, jacraftlaw@gmail.com; ksutherland@janewaylaw.com
Kathleen A. Nelson; Kathleen.Nelson@lewisbrisbois.com; tami.foster@lewisbrisbois.com
*Attorneys for Defendant Aztec Foreclosure*

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on November 16, 2021, at Seattle, Washington.

*/s/ Caleb Eary*
Caleb Eary

DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION

(20-CV-01245-RSM) – Page 5

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109