1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Hon. Ricardo S. Martinez

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

PATRICK LEONARD TIERNEY,

        Plaintiff,

v.

CARRINGTON MORTGAGE
SERVICES, LLC; AZTEC
FORECLOSURE CORPORATION OF
WASHINGTON, and THE BANK OF
NEW YORK MELLON F/K/A/ THE
BANK OF NEW YORK AS TRUSTEE
FOR REGISTERED HOLDERS OF
CWABS, INC., ASSET-BACKED
CERTIFICATES SERIES 2004-5,

        Defendants.

Case No.: 20-CV-01245-RSM

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPPOSITION TO MOTION TO REOPEN THE CASE AND RESCIND ORDER OF DISMISSAL**

**NOTE ON MOTION CALENDAR: MARCH 25, 2022**

## LEGAL ARGUMENT

      Plaintiff's Opposition does not provide any substantive argument and authority and does not address any of the arguments raised in the underlying Motion.

      Local Civil Rule ("LCR") 7(b)(2) states that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Relying on that Rule courts in Western District of Washington have repeatedly held that a party's failure to address moving party's argument in his or her response to a motion amounts to a

OPPOSITION TOMOTION TO REOPEN CASE

(20-CV-01245-RSM) – Page 1

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

concession/admission that the argument has merit. *See, e.g., Lombardi v. Columbia Recovery Grp., LLC*, 2013 U.S. Dist. LEXIS 146375, at *12 (W.D. Wash. Oct. 9, 2013); *Gordon v. Potter*, 2008 U.S. Dist. LEXIS 41043, at *2 n.1 (W.D. Wash. May 21, 2008); *Hylkema v. Associated Credit Serv.*, 2012 U.S. Dist. LEXIS 589, at *26 (W.D. Wash. Jan. 4, 2012); *Yurcaba v. U.S. Bank Nat'l Ass'n*, 2022 U.S. Dist. LEXIS 47820, at *4 (W.D. Wash. Mar. 17, 2022); *Nieuwejaar v. Nationstar Mortg., LLC*, 2016 U.S. Dist. LEXIS 49250, at *9 n.8 (W.D. Wash. Apr. 12, 2016). Based on the foregoing authority, Plaintiff's failure to address the arguments raised in the underlying Motion should be construed as his concession/admission that the argument has merit and that the parties did not reach a meeting of the minds as to the material terms of settlement. For that reason, the Motion should be granted.

Instead of addressing the merits of the Motion to Reopen, Plaintiff just improperly attempts to incorporate by reference his separate Motion to Enforce Settlement, apparently assuming it somehow moots the Motion to Reopen. Not only does Plaintiff's Motion to Enforce fail to negate the Motion to Reopen but Plaintiff's argument based thereon is premature since that Motion is based on the erroneous assumption that a valid settlement has been reached. As detailed in the Motion to Reopen, in reality, the parties *did not* enter into any valid settlement because <u>there was no meeting of the minds between them</u>. As a result, the claimed settlement upon which Plaintiff seeks to rely cannot be enforced.

Finally, if the Court considers Plaintiff's Motion to Enforce Settlement as his Opposition to the underlying Motion, Defendant respectfully requests that the Court also consider Defendant's Response [Docket #110] thereto, which is incorporated herein by reference as though fully stated herein, in reply to Plaintiff's arguments. As set forth in the Response, Docket #110, **Plaintiff's Motion to Enforce Settlement was fundamentally deficient because it did not offer any evidence to**

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TOMOTION TO REOPEN CASE

(20-CV-01245-RSM) – Page 2

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

demonstrate that the settlement had actually been reached, did not offer any legal authority to support his request to enforce settlement, and focused its argument only on a request that the Court sanction defendant Carrington Mortgage Services, LLC under LCR 39.1(c)(5)(F).

Based on all of the foregoing, Defendant respectfully requests that the Court reopen this case and rescind its February 8, 2022 Order of Dismissal.

Respectfully submitted,

Dated: March 25, 2022

WRIGHT, FINLAY & ZAK, LLP

*/s/ Lukasz I. Wozniak*
Lukasz I. Wozniak, WSBA# 47290
*Attorneys for Defendants Wilmington and Carrington*

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TOMOTION TO REOPEN CASE

(20-CV-01245-RSM) – Page 3

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

<u>CERTIFICATE OF SERVICE</u>

I, Jovete Elguira, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct: I am employed with the law firm of Wright, Finlay and Zak, LLP, I am a resident of the State of California, over the age of 18 years old, not a party to this action, and am competent to be a witness herein.

I hereby certify that on March 25, 2022, I caused to be served a copy of the **DEFENDANT'S REPLY TO PLAINTIFF'S OPPPOSITION TO MOTION TO REOPEN THE CASE AND RESCIND ORDER OF DISMISSAL** to the following parties and/or attorneys who have filed notices of appearance in this matter via CM/ECF System:

[X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

Erica St. Louis: erica@creerlegal.com
*Attorneys for Plaintiff*

James A Craft & Kelly Sutherland: jcraft@logs.com, jacraftlaw@gmail.com; ksutherland@janewaylaw.com
*Attorneys for Defendant Aztec Foreclosure*

Kathleen A. Nelson: Kathleen.Nelson@lewisbrisbois.com
*Attorney for Defendant Aztec Foreclosure*


Dated: March 25, 2022                    /s/ Jovete Elguira_____
                                         Jovete Elguira, Declarant

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TOMOTION TO REOPEN CASE

(20-CV-01245-RSM) – Page 4

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109