Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK LEONARD TIERNEY;<br><br>PLAINTIFF,<br><br>VS.<br><br>CARRINGTON MORTGAGE SERVICES, LLC; AZTEC FORECLOSURE CORPORATION OF WASHINGTON; and THE BANK OF NEW YORK MELLON, f/d/a THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-5.<br><br>DEFENDANTS. | CASE NO. 2:20-cv-01245-RSM<br><br>PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO ENFORCE SETTLEMENT<br><br>***FILED UNDER SEAL***<br><br>NOTE ON MOTION CALENDAR:<br>March 25, 2022 |

Carrington Mortgage Services Inc ("Carrington") opposes Plaintiff Patrick Leonard Tierney's ("Tierney) Motion to Enforce Settlement on the grounds that Tierney failed to present evidence that the parties arrived at a meeting on the minds. It is arguments such as these that gave birth to the term "gaslighting." If placing the terms of a settlement on the record before a US District Court Magistrate is insufficient proof that an agreement was reached, the entire process is an exercise in futility and a waste of judicial resources.

REPLY IN FURTHER SUPPORT OF MOTION TO
REOPEN CASE TO ENFORCE SETTLEMENT - 1 CASE
NO. 2:20-CV-01245-RSM

CREER LEGAL
11900 NE FIRST STREET #300G
BELLEVUE, WA 98005
T:(425) 404-2399 F: (425) 406-6898

All believe that a settlement was reached, including Carrington and its counsel. Carrington's objection is that its pork-barrel amendment to the agreement did not go undetected. Tierney did not and would not release Mellon on the terms set forth in the agreement reached on February 8, 2022. Carrington knows this – which is why did not openly insist on Mellon's inclusion in the release when the parties were invited to place *all* material terms on the record.

The agreement should be enforced.

Dated: March 25, 2022          CREER LEGAL

By: _____
Erica A. St. Louis
WSBA # 28793
Counsel for Platiniff