UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK LEONARD TIERNEY,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, et al.,<br><br>　　　　　Defendants. | Case No. C20-1245RSM<br><br>ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AND DENYING MOTION TO RE-OPEN CASE |

 This matter comes before the Court on Defendant Carrington Mortgage Services, LLC ("Carrington")'s Motion to Reopen Case, Dkt. #99, and Plaintiff's Motion to Enforce Settlement, Dkt. #107.

 On February 8, 2022, Plaintiff Tierney and the last remaining Defendant, Carrington, engaged in a settlement conference and entered into a settlement agreement, the material terms of which were placed on the record before the Honorable Michelle Peterson. *See* Dkt. #93. At the conclusion of the hearing, Judge Peterson asked counsel to confirm or offer objection to the terms placed on the record. The Court explicitly stated that the parties "agree to full and complete release of all of Mr. Tierney's claims against Carrington" and listed the other terms. Dkt. #93 at 3:1-2. Both parties confirmed that the Court had listed all material terms. *Id.* at

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AND DENYING MOTION TO RE-OPEN CASE - 1

9:17-21.  Those terms did not include a settlement of claims against any Defendant other than Carrington.

It makes sense that the claims against the other Defendants were not a part of this settlement agreement.  The other Defendants were not invited to the settlement conference.  Defense counsel made their appearance at the above hearing as "counsel for Carrington." *Id*. at 2:14-16. Claims against the other Defendants, Aztec Foreclosure Corporation of Washington ("Aztec") and The Bank of New York Mellon, f/d/a The Bank Of New York As Trustee for Registered Holders Of CWABS, Inc., Asset-Backed Certificates, Series 2004-5 ("Mellon"), had been dismissed by the Court on November 12, 2021.  Dkt. #81.

Counsel for Carrington now claim that there was no meeting of the minds and that they had always intended to include settlement of Plaintiff's dismissed claims against the other Defendants, so that Plaintiff could not appeal that dismissal.  *See* Dkt. #99 at 3.  This assertion contradicts the record and common sense.  Carrington's counsel claims they were "rushed" at the hearing.  *Id.* at 4.  Agreeing to the terms would be at least the second unforced error of defense counsel.  Carrington was previously chastised by this Court for coming to a settlement conference without authority to settle, in violation of Judge Peterson's Order.  Dkt. #89 at 2.

Carrington has clearly failed to participate in these settlement conferences in good faith.  The Court finds that sanctions are warranted against Carrington under LCR 31.1(c)(5)(F) in the amount of $5,000, representing Plaintiff's time spent in the bad faith mediation hearings and a reasonable portion of time spent preparing for those hearings.

Given all of the above, the Court will enforce the settlement as stated by Judge Peterson and agreed to on the record by the parties.  The Court finds no basis to re-open this case, other than to enforce that settlement.

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AND DENYING MOTION TO RE-OPEN CASE - 2

Having reviewed the above Motions, associated briefing, and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff's Motion to Enforce Settlement, Dkt. #107, is GRANTED, and Carrington's Motion to Re-Open Case, Dkt. #99, is DENIED. Carrington is to pay Plaintiff $5,000 as a sanction under LCR 31.1(c)(5)(F). Plaintiff is to draft a settlement agreement consistent with the terms as stated on the record and agreed to before Judge Peterson. If Carrington chooses not to sign that Agreement, Plaintiff is to submit a proposed order with the terms as stated on the record and the Court will enforce those terms via order. This case remains CLOSED.

DATED this 28th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AND DENYING MOTION TO RE-OPEN CASE - 3