Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK LEONARD TIERNEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br>CARRINGTON MORTGAGE SERVICES, LLC; AZTEC FORECLOSURE CORPORATION OF WASHINGTON, and THE BANK OF NEW YORK MELLON F/K/A/ THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES SERIES 2004-5,<br><br>　　　　Defendants. | Case No.: 20-CV-01245-RSM<br><br>**MOTION OF DEFENDANT THE BANK OF NEW YORK MELLON F/K/A/ THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES SERIES 2004-5 TO VACATE OR MODIFY ORDER ON MOTION TO ENFORCE SETTLEMENT OR, ALTERNATIVELY, FOR CLARIFICATION OF THAT ORDER**<br><br>**[FRCP RULE 60(b) and (d)]**<br><br>**NOTE ON MOTION CALENDAR: APRIL 29, 2022**<br><br>**[ORAL ARGUMENT REQUESTED]** |

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 1

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

## I. INTRODUCTION AND RELIEF REQUESTED

It is a fundamental precept of the law in this Country that a "person" (which includes a business entity) should not be deprived of its legal rights without due process of law. Nonetheless, that is precisely what would happen if this Court's Order of March 28, 2022 were allowed to stand in its current form. Specifically, this Court has agreed to enforce *against* The Bank of New York Mellon f/k/a The Bank of New York As Trustee For Registered Holders Of CWABS, Inc., Asset-Backed Certificates Series 2004-5 ("BNYM") a settlement to which both plaintiff Patrick Leonard Tierney, and the Court insist that BNYM is not a party. As it now stands, the Court approved version of the settlement allows Plaintiff to pursue any and all claims against BNYM (and, presumably, to recover *his* attorney fees against BNYM, should he somehow prevail) but potentially precludes BNYM from recovering its fees and costs against Plaintiff when he loses those claims.

To be absolutely clear, the only goal defendant BNYM has here is to bring an end its litigation with Plaintiff through settlement. BNYM <u>wants</u>, and expected, to be included in the settlement and release reached during the third settlement conference session on February 8, 2022. However, the Court's Order Granting Motion to Enforce Settlement and Denying Motion to Re-Open Case issued on March 28, 2022 [Dkt. #114] states that BNYM is not a party to that settlement, and is not released from any claims by Plaintiff, but somehow may still be precluded from seeking to recover its fees and costs from Plaintiff.  Plaintiff cannot have it both ways – either BNYM is all in the settlement or not a party at all.

As a matter of fundamental fairness and Due Process, this cannot be allowed to stand. If BNYM is not a party to the settlement, and is not released, it cannot he held to have waived any of its rights against Plaintiff, including the right to seek recovery of its attorneys' fees and costs incurred in obtaining summary judgment against Plaintiff and those it will incur in defending against Plaintiff's appeal from the grant of that summary judgment motion.  Conversely, if BNYM

is released by the settlement, then the litigation is put to an end, and BNYM is willing to waive its right to recover its attorney's fees and costs.

Given the above, BNYM respectfully request the Court to vacate or amend its March 28, 2022 Order in order to eliminate this inequity and avoid future litigation between Plaintiff and BNYM over the issues resolved by this action.

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On or about March 5, 2004, Plaintiff borrowed $208,000.00 (the "Loan"), which Loan was secured by a Deed of Trust against the real property commonly known as 28023 Northeast 140th Place, Duvall, WA 98019 ("Property"). [Request for Judicial Notice ("RJN"), Ex. A.] By executing the Deed of Trust, Plaintiff expressly acknowledged and agreed that:

> [i]f (a) [Plaintiff] fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument… then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument… Lender's actions can include… (c) paying reasonable attorneys' fees…. Any amounts disbursed by Lender under this Section 9 **shall become additional debt of [Plaintiff] secured by this Security Instrument**. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to [Plaintiff] requesting payment.

[Deed of Trust, § 9.]

On July 17, 2020, Plaintiff filed his original complaint, naming only defendant Carrington Mortgage Services, LLC ("Carrington"). [Dkt. # 11-1, Ex. 1.] On August 13, 2020, **Plaintiff added BNYM** to the First Amended Complaint. [Dkt. #1-5, pgs. 55-70.] BNYM holds the beneficial interest in the Loan and is the entity that has the right to be paid the fees, costs or interest on the loan, and who is entitled to collect or waive them. [Assignment of Deed of Trust, a true and correct copy of which is attached to the RJN as Exhibit B.] Carrington services the Loan on behalf of BNYM.  [Declaration of Clayton Gordon in Support of Defendant's Motion to Reopen the Case

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 3

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

1  And Rescind Order of Dismissal, Dkt. #100 ("Gordon Decl.,") ¶3.] (Carrington and BNYM are
2  collectively referred to herein as the "Defendants".)

3  On August 18, 2020, Defendants removed Plaintiff's lawsuit to this Court. [Dkt. # 1.]

4  On November 12, 2021, the Court granted Defendants' MSJ, dismissing all of Plaintiff's
5  claims against BNYM and limiting Plaintiff's case to the claim for dual tracking in violation of the
6  Real Estate Settlement Procedures Act ("RESPA") against Carrington only. [Dkt. No. 81.]

7  On December 7, 2021, the Court referred the matter for a settlement conference before Hon.
8  S. Michelle L. Peterson ("Judge Peterson"). [Dkt. No. 84.] The parties participated in three separate
9  settlement conferences - January 5, 26, 2022 and February 8, 2022. [Declaration of Lukasz I.
10 Wozniak in Support of Defendant's Motion to Reopen the Case And Rescind Order of Dismissal,
11 Dkt. #101 ["Wozniak Decl.", ¶3.] Shortly after noon on February 8th, the parties thought that they
12 had reached settlement. [Gordon Decl., ¶5; Wozniak Decl., ¶4.] Carrington understood that, in
13 return for Plaintiff's (1) dismissal of the case in its entirety and with prejudice and not pursue it
14 further against **either Carrington or BNYM**; (2) waiver of his attorney's fees and costs; and (3) full
15 release of Carrington **and** BNYM from all claims, Plaintiff would be allowed to (1) remain in the
16 Property for the period of 10 months without making payments on the Loan; not be charged interest
17 on the Loan during the 10-month period; and (3) issued a monetary payment. [Gordon Decl., ¶5.]
18 In addition, Carrington (and, ultimately, BNYM), would waive default charges in the amount of
19 $4,715.03 and late fees of $406.00 and would waive attorney's fees incurred in this action. [*Id.*]
20 Finally, Carrington would suppress credit reporting on the Loan or the period of 6 months. [*Id.*] It
21 was Carrington's understanding that Plaintiff would either pay off the loan at the conclusion of the
22 10-month for the amount then due and owing or vacate the Property and agree to not challenge the
23 foreclosure. [*Id.*]

24 Carrington's representative *never* agreed (and did not intend to agree) to limit the release

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 4

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

to *Carrington only*, leaving Plaintiff free to continue suing BNYM and *did not* agree to allow Plaintiff to limit his waiver of attorney's fees to *Carrington only*, thus potentially preserving them against BNYM. [*Id.*] At the time the settlement was reached, Carrington's representative also understood that, assuming BNYM was being released, it would also waive any right to attorneys' fees. [*Id.*] The Carrington representative did not believe that Plaintiff was preserving its rights against BNYM, while also getting a fee waiver from BNYM (and would not have agreed to such a condition). [*Id.*] Nor would any such condition make practical sense. If BNYM was not a party to (and/or intended beneficiary of) the settlement, as Plaintiff claims, how could it give up *its* rights? If the agreement is only between Plaintiff and Carrington, fundamental fairness requires that BNYM's rights *against Plaintiff* also be preserved. BNYM is either all in the settlement or completely out of the settlement!

As evidenced by the February 8, 2022 email sent by Plaintiff's counsel immediately before the settlement was placed on the record, Plaintiff, on the other hand, understood at that time that: (1) the payoff amount of the Loan was fixed at $198,000; (2) Plaintiff would not be required to vacate the Property following the conclusion of the 10-month period; (3) Carrington would be responsible for payment of taxes and insurance during the 10-month period; (4) Plaintiff had until January 1, 2023 to pay off the Loan; (5) the parties agreed to a mutual release of all claims; and (6) there were different timing requirements imposed on payment and execution of the settlement agreement. [Wozniak Dec., ¶5.]

On February 8, 2022, after the parties had reached their (mis)understanding, as set forth above, Judge Peterson called the case and recited on the record the terms that she understood the parties had agreed upon. The hearing was very short because Judge Peterson had to leave to pick up her children; as a result, it was only after the hearing had concluded and after the parties exchanged their versions of settlement agreement and obtained a copy of the transcript that the

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 5

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

parties realized that the terms set forth on the record *did not* accurately reflect their *separate and different understandings* of what had actually been agreed upon.[1] [*Id.*, ¶¶5-9.]

Subsequently, on February 8, 2022, the Court issued an order of dismissal, stating that "this action and all claims asserted herein are DISMISSED with prejudice and without costs to any party." [Dkt. #92.] In other words, the case was now over as to all parties and all claims, including as to BNYM. *This dismissal comported with, and reflected, the Defendants' understanding of the agreed upon settlement terms*.

On February 9, 2022, Carrington's counsel prepared the initial draft of the settlement agreement based on what Defendants understood to be the terms of the settlement and what their counsel believed had been placed on the record. He then sent that draft to Plaintiff's counsel for review. [Wozniak Decl., ¶7.] Plaintiff's counsel immediately responded that the draft did not reflect her understanding of the terms placed on the record and that she would prepare a separate draft of the settlement agreement. [*Id.*] On February 10, 2022, Plaintiff's counsel sent a copy of Plaintiff's version of the settlement agreement, which mirrored the terms listed in Plaintiff's counsel's February 8, 2022 email and demonstrated the that the parties had not, in fact, reached a meeting of the minds as to the settlement terms. [Wozniak Decl., ¶8.]

Accordingly, the parties requested a follow up conference with Judge Peterson to discuss their respective positions. Attorneys for the parties and Plaintiff appeared before Judge Peterson on February 11, 2022, at 2:00 p.m. [Wozniak Decl., ¶10.] At that time, Judge Peterson concluded that: (1) Carrington was not responsible for payment of taxes and insurance during the 10-month period;

---

[1] Again, at the hearing, Carrington's representative *did not* agree, did not intend to agree, and did not realize the release was limited to Carrington only and did not agree to allow Plaintiff to continue his litigation against BNYM. Carrington believed that the settlement was resolving all litigation between all the parties, which is still its desired goal. Further, at not time did Carrington agree to fix the payoff amount at $198,000 or to pay the property taxes and insurance during the 10 month period, nor is there any reference to either concept or the $198,000 payoff figure in the February 8th Record. [Gordon Decl., ¶6.]

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 6

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

(2) the parties did not agree to a fixed payoff of $198,000.00, but that it was understood that the amount due on the Loan as of February 8, 2022, absent the late fees and foreclosure charges that were being waived was "around" $198,000.00 and that the parties should incorporate that figure into the settlement agreement; (3) BNYM was *not* a party to the settlement and was not released by Plaintiff; (4) the release was unilateral by Plaintiff; and (5) there were time restrictions on execution of the agreement. [*Id.*, ¶11.]

Following the conference, Defendants' counsel met and conferred with Plaintiff's counsel on two occasions to try and resolve the disputes to put an end to the existing litigation and avoid future disputes. Plaintiff's counsel reiterated to Defendants' counsel that Plaintiff intended to continue litigating with BNYM and that Plaintiff would not release BNYM without additional settlement monies [*Id.*, ¶12.] Given Plaintiff's position that BNYM was not a party to the settlement or release, Defendants' counsel explained that, since BNYM was not released, BNYM would not have waived its right to attorney's fees. In addition, any fees BNYM would incur defending Plaintiff's appeal would also not be waived. [*Id.*, ¶13.] In other words, if BNYM was not a party to the settlement agreement and release, it would not be waiving any of *its* rights via the settlement agreement. Plaintiff cannot have it both ways.

Based on the following disagreements concerning the terms of the settlement, it became apparent that there was no meeting of the minds reached by the parties and, therefore, a settlement has not been reached. As a result, Defendant filed its Motion to Reopen the Case and Rescind Order of Dismissal on March 7, 2022. [Dkt. #100.]

On March 10, 2022, Plaintiff filed his Motion to Enforce Settlement [Dkt. #108] and his Notice of Appeal, appealing the Court's order granting BNYM's summary judgment. [Dkt. #103.] *Plaintiff did not appeal the Court's February 8, 2022 Order dismissing the case with prejudice*, Dkt. #92. [*Id.*] On March 28, 2022, the Court issued its Order Granting Motion to Enforce

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 7

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

Settlement and Denying Motion to Re-Open Case. [Dkt. #114]

### III. STATEMENT OF THE ISSUES

1. Whether, as a matter of fundamental fairness and Due Process, the Court's March 28, 2022 Order, Dkt. # 114, can, on the one hand, determine that BNYM is not a party to the settlement and is not covered by the release therein, while, on the other hand, hold that the same settlement may waives BNYM's legal rights against the Plaintiff, including its right to recover its attorney's fees and costs incurred in defending itself in this litigation, as well as defending itself from Plaintiff's March 10, 2022 appeal from the summary judgment in favor of BNYM?

### IV. EVIDENCE RELIED UPON

This Motion is based upon the Declaration of Clayton Gordon in Support of Defendant's Motion to Reopen and exhibits attached thereto [Dkt. #100], the Declaration of Lukasz I. Wozniak in Support of Defendant's Motion to Reopen and exhibits thereto [Dkt. #101], and the accompanying Request for Judicial Notice and exhibits thereto.

### V. AUTHORITY AND ARGUMENT

**A.   The Court Has Jurisdiction To Vacate or Amend Its March 28, 2022 Order Despite the Pendency of Plaintiff's Appeal from the Summary Judgment.**

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997): "This general rule is thus a rule of judicial economy. It does not rest on a statute and "should not be employed to defeat its purposes nor to induce needless paper shuffling." Here, though, the only aspect of the case up on appeal is the November 12, 2021 grant of BNYM's Motion for Summary Judgment against Plaintiff. The settlement discussions and March 28, 2022 Order came well after the granting of the Summary Judgment and, according to both Plaintiff and this Court, BNYM is not a party to the settlement nor an intended third party beneficiary. It is well established, that the District Court retains jurisdiction to address certain ancillary post-

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 8

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

judgment proceedings, despite the pendency of an appeal. *See, Devas Multimedia Private Ltd. v. Antrix Corp., Devas Multimedia Private Ltd. v. Antrix Corp.*, 2021 U.S. Dist. LEXIS 35040, at *5 (W.D. Wash. Feb. 24, 2021):

> Although "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982), "a court retains jurisdiction to supervise a required course of conduct," including when, "as new facts develop[,] additional supervisory action by the court is required." *In re Icenhower*, 755 F.3d 1130, 1138 (9th Cir. 2014) (quoting *Hoffman v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976)). For example, a district court retains jurisdiction to modify an injunction while an appeal is pending, so long as "the changes preserve[] the status quo and [do] not materially alter the status of the case on appeal." *Nat. Res. Def. Council, Inc. (NRDC) v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); *see also Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015) (concluding that after a notice of appeal is filed, district courts retain jurisdiction over "ancillary matters").

This motion to vacate or amend the March 28, 2022 Order is one such ancillary motion as to which this Court retains jurisdiction since it has no material effect on the summary judgment on appeal.

Even if the judgment were considered to somehow encompass the March 28, 2022 Order, though, one of exceptions to the divestment rule is that the "district court may, for example, retain jurisdiction to … clarify its judgment…" *Stein, supra.*

Accordingly, this Court has jurisdiction to hear this Motion and to vacate or amend its March 28, 2022 order in order to either confirm that BNYM is a party to the settlement agreement (or at least to the release therein) or, alternatively, that, since it is not a party to that agreement, it has therefore not waived any of its legal rights against Plaintiff, including to seek recovery from Plaintiff of its attorney's fees and costs.

**B.   This Court Can Clarify Its Order So As To Help Parties Avoid Further Litigation.**

Rule 60 of Federal Rules of Civil Procedure states that:

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 9

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;…
> (6) any other reason that justifies relief….
>
> (d) This rule does not limit a court's power to:
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding

"Although there is no specific Federal Rule of Civil Procedure governing 'motions of clarification,' '[t]he general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.'" *Garraway v. Cuifo*, 2020 U.S. Dist. LEXIS 41483, at *2 (E.D. Cal. Mar. 9, 2020) [citing *United States v. Philip Morris USA Inc.*, 793 F.Supp.2d 164, 168 (D.D.C. 2011)]; *see also Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) [concluding that a request for clarification invites "interpretation, which trial courts are often asked to supply, for the guidance of the parties and is not a "request to alter or amend the judgment"]. Clarification regarding language used in a court order is a permissible ground for such a motion. *Phillip Morris USA Inc., supra*, 793 F.Supp.2d at 168. The court may clarify its order for any reason. *Wahl v. Am. Sec. Ins. Co.*, 2010 U.S. Dist. LEXIS 84878, at *9 (N.D. Cal. July 20, 2010). "[S]uch a request 'invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties.'" *Id.* [citing *Bordallo, supra*, 763 F.2d at 1102.]

Here, BNYM requests that the Court clarify the effect of its March 28, 2022 Order to avoid potential of future litigation between the parties. If BNYM is not released and is not considered to be a party to the settlement, it could not be required to waive its rights against Plaintiff, including its attorney's fees incurred in defending itself in this litigation and against Plaintiff's recently filed appeal. As a consequence, the parties would continue to litigate the appeal and, presumably, Plaintiff would file a new lawsuit over the addition of BNYM's attorney's fees to the outstanding

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 10

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

amounts owed on the Loan.[2]

### 1. BNYM Is Entitled To Add Its Attorney's Fees Expended In This Action And In The Appeal To The Outstanding Balance Of The Loan.

Common law preserves citizens' freedom to contract. *Little Mountain Estates Tenants Ass'n v. Little Mountain Estates MHC, LLC*, 169 Wn.2d 265, 269 n.3 (2010) ["'Courts do not have the power, under the guise of interpretation, to rewrite contracts which the parties have deliberately made for themselves.'" (quoting *Clements v. Olsen*, 46 Wn.2d 445, 448 (1955))]. In construing a contract, courts give controlling weight to the parties' intent, as expressed in the plain language of the contract and give words in a contract their ordinary meaning. *Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc.*, 166 Wn.2d 475, 487 (2009).

The Deed of Trust executed by Plaintiff states in § 9:

> [i]f (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument… then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument… Lender's actions can include… (c) paying reasonable attorneys' fees…. ***Any amounts disbursed by Lender under this Section 9 <u>shall become additional debt of Borrower secured by this Security Instrument</u>***. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

[RJN, Ex. A.]

By executing the Deed of Trust, Plaintiff has therefore authorized BNYM to recover its attorney's fees expended in this litigation (and in the appeal filed on March 10, 2022) from Plaintiff by adding them to the Loan's balance. *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517 (2009) ["'It is black letter law of contracts that the parties to a contract shall be bound by its terms.'"] [Internal quotation omitted.] *See also, e.g., Oella Ridge Tr. v. Silver State Sch. Credit*

---

[2] Again, this is not BNYM's preference. It would prefer to both be a party to the release and the attorney fee waiver; however, that is not Plaintiff's preference.

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 11

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

*Union*, 500 P.3d 1253, 1256 (Nev. 2021) ["[A] lender may use a deed of trust to secure any attorney costs incurred in protecting the lender's interest … where, as here, a nonborrower seeks to pay off the loan balance."]; *Valencia v. Carrington Mortg. Servs., LLC*, 2013 U.S. Dist. LEXIS 88886, at *27 (D. Haw. June 25, 2013) ["the mortgage states that any amounts disbursed in protecting the Bank Defendants' rights under the mortgage, including for attorneys' fees, 'shall become additional debt of Borrower secured by this Security Instrument . . . and shall be payable, with such interest, upon notice from Lender or Borrower requesting payment.' … As such, … as provided in the mortgage, the Bank Defendants may convert the amounts spent on attorneys' fees into additional debt secured by the mortgage."] Accordingly, based on the plain language of the Deed of Trust and the above-referenced authority, BNYM, as the assignee beneficiary of the Deed of Trust, is entitled to recover its attorney's fees from Plaintiff, whether these fees were incurred during the pendency of this litigation or after the settlement, in connection with Plaintiff's appeal.

### 2. If BNYM Is Found To Not Be A Party To The Release, It Cannot Be Required To Release Its Right To Recover Its Fees and Costs From Plaintiff.

BNYM is the Loan's investor and is the party who must ultimately agree to and be paid the payoff amount and the one entitled to receive or waive fees, costs, or interest on the Loan. [Gordon Decl., Dkt. #100, ¶3; RJN, Ex. A, §§1, 2, 3, 9; and Ex. B.]

If BNYM is not a party to the settlement agreement, it cannot be forced to waive any of its rights against Plaintiff, as any waiver of *its rights* would be unenforceable and would violate its right to Due Process. *See*, *EEOC v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1506 (9th Cir. 1990) ["It is fundamental to our notions of due process that a consent decree cannot prejudice the rights of a third party who fails to consent to it… '**Parties who choose to resolve litigation through settlement may not dispose of the claims of a third party . . . . without that party's agreement**…']; *Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986). Nor would any such condition make practical sense. If BNYM is not a party to (and/or intended beneficiary of) the

(20-CV-01245-RSM) – Page 12

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

settlement, as the Court's Order states, how could it give up *its* rights? If the agreement is only between Plaintiff and Carrington, fundamental fairness requires that BNYM's rights *against Plaintiff* also be preserved.

In addition, following the February 8, 2022 Settlement Conference, the Court issued its order stating, in pertinent part, that "this action and all claims asserted herein are DISMISSED with prejudice and without costs to any party." [Emphasis in original] [Dkt. #92.] Thus, the Court itself ordered *all of* Plaintiff's claims dismissed, with prejudice and without costs. [*Id.*] There was no reservation of claims as to BNYM; the case was over as to *all parties and all claims*. *This dismissal comported with, and reflected, the Defendants' understanding of the agreed upon settlement terms*. This Order renders Plaintiff's argument about the release moot because his claims against BNYM were dismissed with prejudice. *Harold v. Wells Fargo Bank, N.A.*, 2020 U.S. Dist. LEXIS 122255, at *11 (N.D. Cal. May 29, 2020) [dismissal with prejudice is determinative of issues in the case] [citation omitted]; *Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ["'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"]

## VI.   CONCLUSION

Based upon the foregoing, Carrington respectfully requests that the Court clarify its March 28, 2022 Order. BNYM reiterates that it is its wish to conclude this litigation in its entirety and that it will gladly waive its attorney's fees if it is released by Plaintiff as part of the settlement reached on February 8, 2022. If, however, BNYM is not so released, it cannot be deemed to have waived its rights against Plaintiff, as such result would violate its Due Process rights. Either BNYM is all in, or it is all out. Plaintiff cannot have it both ways and benefit from waiver of BNYM's rights while, at the same time, continue his litigation against it by way of his appeal.

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER
(20-CV-01245-RSM) – Page 13

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

| | |
|---|---|
| | Respectfully submitted, |
| Dated: April 11, 2022 | WRIGHT, FINLAY & ZAK, LLP |
| | */s/ Lukasz I. Wozniak* |
| | Lukasz I. Wozniak, WSBA# 47290 |
| | *Attorneys for Defendants Wilmington and Carrington* |

DEFENDANT'S MOTION FOR CLARIFICATION OF ORDER

(20-CV-01245-RSM) – Page 14

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109

# CERTIFICATE OF SERVICE

I, Jovete Elguira, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct: I am employed with the law firm of Wright, Finlay and Zak, LLP, I am a resident of the State of California, over the age of 18 years old, not a party to this action, and am competent to be a witness herein.

I hereby certify that on April 11, 2022, I caused to be served a copy of the **MOTION OF DEFENDANT THE BANK OF NEW YORK MELLON F/K/A/ THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES SERIES 2004-5 TO VACATE OR MODIFY ORDER ON MOTION TO ENFORCE SETTLEMENT OR, ALTERNATIVELY, FOR CLARIFICATION OF THAT ORDER** to the following parties and/or attorneys who have filed notices of appearance in this matter via CM/ECF System:

[X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

Erica St. Louis: erica@creerlegal.com
*Attorneys for Plaintiff*

James A Craft & Kelly Sutherland: jcraft@logs.com, jacraftlaw@gmail.com; ksutherland@janewaylaw.com
*Attorneys for Defendant Aztec Foreclosure*

Kathleen A. Nelson: Kathleen.Nelson@lewisbrisbois.com
*Attorney for Defendant Aztec Foreclosure*

Dated: April 11, 2022                    /s/ Jovete Elguira
                                          Jovete Elguira, Declarant

REQUEST FOR JUDICIAL NOTICE

(20-CV-01245-RSM) – Page 3

Wright Finlay & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
(206)946-8109