UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK LEONARD TIERNEY,

    Plaintiff,

    v.

CARRINGTON MORTGAGE SERVICES, LLC, et al.,

    Defendants.

Case No. C20-1245RSM

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant Carrington Mortgage Services, LLC ("Carrington")'s Motion for Reconsideration, Dkt. #117. Carrington moves for reconsideration of the Court's Order Granting Motion to Enforce Settlement and Denying Motion to Re-open Case, Dkt. #114. In that Order, the Court ruled it would enforce the February 8 settlement of the parties, the material terms of which were placed on the record orally before Judge Peterson and agreed to by the parties. Those terms were not discussed in detail in the Order because they were already on the record. We have the transcript, Dkt. #93. The Court's Order ruled that no other Defendants were a part of the settlement agreement. The Court found that Carrington had failed to participate in the settlement in good faith and issued a fine of $5,000. The Court directed Plaintiff "to draft a settlement agreement consistent with the terms as stated on the record and agreed to before Judge Peterson," and to submit a proposed order with those terms if necessary. Dkt. #114 at 3.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). No response to a motion for reconsideration shall be filed unless requested by the court. LCR 7(h)(3).

The Court has determined that a response brief is unnecessary.

Carrington now argues:

> …following the February 8, 2022 hearing during which Judge S. Michelle L. Peterson recited the terms of the settlement as she had understood them, at least three significant issues remained open and in dispute between the parties:
>
> • Despite there being no reference in the record of the February 8, 2022 hearing to this effect, Plaintiff insisted that the written settlement agreement provide that the amount owed on the loan would remain fixed at $198,000 for the duration of the 10-month period;
> • Despite there being no reference in the record to this effect, Plaintiff insisted that Carrington to pay all property taxes and insurance during the 10-month period; and
> • Plaintiff claimed that Bank of New York Mellon ("BNYM") was not a party to, or released by, the settlement; yet, waived its right to claim attorneys' fees against Plaintiff.
>
> In its prior ruling on Carrington's Motion to Reopen the Case and on Plaintiff's Motion to Enforce the Settlement, the Court only addressed a portion of the third issue above; it did not address the first two issues in dispute at all.

Dkt. #117 at 2.

The Court finds that it has addressed all of these issues in its Order. The Court will enforce the February 8 settlement of the parties as stated on the record for the reasons stated in its Order. Anything not stated on the record on February 8 will not be enforced. If Defendants refuse to agree to Plaintiff's additional clarifying terms, they may do so without risking Plaintiff's release of claims against Carrington. The Court is more than willing to review any motion for breach of the settlement agreement brought by either party and will view such with a very critical eye given the history of these settlement negotiations.

Defendants have failed to point to any manifest error in the Court's ruling and are essentially attempting to reopen the settlement negotiations to add terms. The Court finds no valid basis for this request. Plaintiff has not moved to add the above terms to the settlement.

When the Court issued an Order stating "this action and all claims asserted herein are DISMISSED with prejudice and without costs to any party," that Order explicitly cited the settlement at issue (between Plaintiff and Carrington) and was, from the Court's perspective, referring to *remaining* claims against *remaining* Defendants. Such an order would never dismiss claims against other Defendants that had already been dismissed. Plaintiff is free to pursue an appeal of prior Court Orders dealing with claims against other Defendants.

The Court has reviewed its $5,000 sanction and finds no manifest error.

Having reviewed the above Motions, associated briefing, and the remainder of the record, the Court hereby FINDS and ORDERS that Carrington's Motion for Reconsideration, Dkt. #117, is DENIED.

//

//

//

DATED this 20th day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 4