UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK LEONARD TIERNEY,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, et al.,<br><br>Defendants. | Case No. C20-1245RSM<br><br>ORDER DENYING RULE 60(b) MOTION |

This matter comes before the Court on Defendant Bank of New York Mellon f/k/a The Bank of New York As Trustee for Registered Holders Of CWABS, Inc., Asset-Backed Certificates Series 2004-5 ("BNYM")'s "Motion to Vacate or Modify Order on Motion to Enforce Settlement or, Alternatively, for Clarification of that Order," Dkt. #119.  BNYM moves for relief under Rules 60(b) and 60(d).  No response to this Motion has been filed by any party.  BNYM has filed no reply brief.  The Court finds that it can rule on this Motion without the need of oral argument.

All claims against BNYM were dismissed on summary judgment on November 12, 2021. Dkt. #81. A settlement occurred between Plaintiff and the remaining Defendant,

ORDER DENYING RULE 60(b) MOTION - 1

Carrington. Carrington apparently agreed to certain terms related to the repayment of Plaintiff's loan. Plaintiff released his claims against Carrington based on this agreement.

BNYM takes issue with the Court's Order Granting Motion to Enforce Settlement and Denying Motion to Re-open Case, Dkt. #114. In that Order, the Court ruled it would enforce the February 8 settlement of the parties, the material terms of which were placed on the record orally before Judge Peterson and agreed to by the parties. Those terms were not discussed in detail in the Order because they were already on the record. *See* Dkt. #93. The Court ruled that Defendant BNYM was not a party to the settlement agreement. The Court directed Plaintiff "to draft a settlement agreement consistent with the terms as stated on the record and agreed to before Judge Peterson," and to submit a proposed order with those terms if necessary. Dkt. #114 at 3.

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). BNYM clearly cites to Rule 60(b)(1) and (6).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States*

ORDER DENYING RULE 60(b) MOTION - 2

*v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id.* (internal quotation marks omitted).

The Court finds that BNYM has failed to demonstrate any mistake in the Court's Order, or any manifest injustice or extraordinary circumstances. BNYM is essentially attempting to reopen the settlement negotiations to add terms, or to get the Court to rule on Plaintiff's proposed additional terms. The Court finds no valid basis for this request under Rule 60(b).

BNYM also moves for clarification of the Court's Order, stating, "If BNYM is not released and is not considered to be a party to the settlement, it could not be required to waive its rights against Plaintiff, including its attorney's fees incurred in defending itself in this litigation and against Plaintiff's recently filed appeal." Dkt. #119 at 10. The Court believes its prior Order was clear, and has clarified it further in an Order resolving Defendant Carrington's simultaneously filed Motion for Reconsideration, filed by the same defense counsel. In that Order, the Court stated:

> The Court will enforce the February 8 settlement of the parties as stated on the record for the reasons stated in its Order. Anything not stated on the record on February 8 will not be enforced. If Defendants refuse to agree to Plaintiff's additional clarifying terms, they may do so without risking Plaintiff's release of claims against Carrington. The Court is more than willing to review any motion for breach of the settlement agreement brought by either party and will view such with a very critical eye given the history of these settlement negotiations.

ORDER DENYING RULE 60(b) MOTION - 3

Dkt. #121 at 3.  The Court does not believe that the agreement stated on the record on February 8 precludes BNYM from seeking fees in this action or on appeal, however, the Court finds it premature to rule on the validity of BNYM's request for attorney fees when BNYM has not brought a motion for such, or even incurred fees yet on appeal.

Having reviewed the above Motion, associated briefing, and the remainder of the record, the Court hereby FINDS and ORDERS that BNYM's Rule 60(b) Motion, Dkt. #119, is DENIED.

DATED this 2nd day of May, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING RULE 60(b) MOTION - 4