UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK LEONARD TIERNEY,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, et al.,<br><br>Defendants. | Case No. C20-1245RSM<br><br>ORDER ENFORCING THE ORAL TERMS OF SETTLEMENT |

This matter comes before the Court on Plaintiff Tierney's "Proposed Order Establishing Terms of February 8, 2022, Settlement Agreement," filed under seal. Dkt. #122. No responsive briefing was permitted. The Court will keep this filing under seal, but finds that the following Order need not be under seal as it does not relate confidential settlement discussions, except when necessary to enforce the agreed terms or to provide a just resolution to this case.

Settlement discussions in this case have been tortuous and exasperating. After much back-and-forth, the Court ruled it would enforce the February 8 settlement between Plaintiff and Defendant Carrington, the material terms of which were placed on the record orally before Judge Peterson and agreed to by the parties. *See* Dkts. #93 and #114. The Court directed Plaintiff to draft a settlement agreement consistent with this ruling for Carrington to review and

ORDER ENFORCING THE ORAL TERMS OF SETTLEMENT - 1

sign. If Carrington refused to sign, the Court directed Plaintiff "to submit a proposed order with the terms as stated on the record and the Court will enforce those terms via order." Dkt. #114 at 3.

Plaintiff has submitted a proposed order with the February 8 material terms attached *and* several additional terms. *See* Dkt. #122. In the interest of justice and to enforce the settlement of the parties, the authority of the Settlement Judge, and the prior Orders of this Court, the Court now FINDS that the parties agreed to the following settlement terms:

1. Carrington will take no action to collect on any sum due on or in connection with the Note at issue in this case for a period of 10 months from the date of the Agreement, February 8, 2022. Carrington shall take no action to foreclosure on the Deed of Trust for a period of 10 months from the date of the Agreement. During this time, Tierney is not required to make payments to Carrington.

2. On or before the expiration of the 10-month period, Tierney shall pay Carrington a total sum of $198,000 as a full and final settlement of all obligations under the Note. Such payment can be made through cash, refinance, or sale of the property.

3. Carrington shall have 30 days from the date of the Agreement to pay Tierney general damages in the amount of $17,878.33.

4. Carrington shall cease all negative credit reporting for a period of 10 months from the date of this Order.

5. The Parties shall bear their own costs and attorneys' fees incurred in this litigation up to the date of this Order.

6. Plaintiff Tierney releases his claims against Carrington in exchange for the above.

ORDER ENFORCING THE ORAL TERMS OF SETTLEMENT - 2

The Court will enforce this Agreement like any other settlement agreement. To the extent these terms deviate from the agreed terms of February 8, the Court finds that such is warranted under the facts of this case and based on the admirable settlement efforts of Judge Peterson on February 8 and 11. Any prejudice to Carrington is justified as a sanction for negotiating in bad faith, as previously found by the Court.

The Court further ORDERS that:

7. Tierney's claims against Carrington are DISMISSED. This case is CLOSED.

8. Carrington's $17,878.33 payment in the Agreement is past-due. Such payment shall be issued to Creer Legal, in trust for Patrick Leonard Tierney, and paid by wire to the Creer Legal IOLTA account. Counsel for Tierney shall provide counsel for Carrington the wire instructions and a W-9.

9. An additional term of the Agreement, added for clarity, is as follows: If Tierney fails to pay Carrington $198,000 by the expiration of the 10-month period, Carrington can recommence the non-judicial foreclosure process pursuant to RCW 61.24. Tierney agrees, expressly represents, warrants, and covenants that he will not enjoin, restrain, postpone, delay, challenge, or in any manner whatsoever contest the foreclosure proceedings carried out in compliance with RCW 61.24, and that he will not file a bankruptcy petition, solicit another person to file a bankruptcy petition, or otherwise seek mediation, a temporary restraining order or a preliminary injunction in an effort to enjoin, restrain, postpone, delay, challenge, or contest the foreclosure process carried out in compliance with RCW 61.24.

10. Carrington is to pay Tierney the $5,000 in sanctions imposed by the Court at Dkt. #114 no later than 15 days from today's date.

ORDER ENFORCING THE ORAL TERMS OF SETTLEMENT - 3

The Court notes its frustration with the conduct of the parties and their counsel in this case. Neither side has listened to the Court. The Court strongly urges the parties and their counsel to set aside any animosity and to move on from this case.

IT IS SO ORDERED.

DATED this 2nd day of May, 2022.

*(signature)*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE