UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-5,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK LEONARD TIERNEY,<br><br>Defendant. | Case No. C23-329RSM<br><br>ORDER OF DISMISSAL |

This matter comes before the Court *sua sponte*. Currently pending before the Court is Plaintiffs Bank of New York Mellon, f/k/a The Bank of New York as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-5 ("BNYM") and Carrington Mortgage Services ("Carrington") (collectively "Counter-defendants")'s Motion to Dismiss Counterclaim and Third-Party Complaint, Dkt. #14. On October 17, 2023, the Court granted in part and denied in part this Motion, leaving the issue of litigation privilege for further consideration on oral argument. That oral argument occurred on November 7, 2023. Dkt. #28. The Court took the matter under advisement and later received a Joint Status Report of the parties

ORDER OF DISMISSAL - 1

indicating that settlement of this case without Court involvement was not possible. Dkt. #30. Also pending before the Court is Counter-defendants' Motion to Dismiss Third Party Complaint, Dkt. #20.

On January 2, 2024, the Court ordered supplemental briefing from the parties on the issue of litigation privilege. Dkt. #31. Specifically, the Court requested answers to the following questions:

1. If the litigation privilege precludes liability arising from conduct related to a lawsuit, why should the Court not dismiss all claims against Mr. Wozniak and WFZ under that theory?

2. If the litigation privilege precludes liability arising from conduct related to a lawsuit, why should the Court not dismiss all claims against BNYM and Carrington for their actions related to the former lawsuit? How was the rolling over of attorney fees into the loan amount, clearly discussed in the settlement proceedings, not related to the former lawsuit?

3. Under *Mason v. Mason*, cited by BNYM and Carrington, "[w]here a tort claim is predicated on testimony or statements made during a judicial proceeding, litigation privilege 'has traditionally been **limited to situations in which authorities have the power to discipline** as well as strike from the record statements which exceed the bounds of permissible conduct…. Beyond statements and testimony, litigation privilege can preclude liability arising from conduct related to a lawsuit." 19 Wn.App. 2d 832 (emphasis added). Given this reasoning, why should this dispute not be heard in the prior case via a motion seeking a contempt of Court ruling, through a motion for sanctions, or through some other motion? How is the relief requested in this case different than the relief available in the prior case?

The Court has now reviewed supplemental briefing from the parties. *See* Dkts. #32 and #33. The Court finds that the litigation privilege, as discussed by the Court previously and in prior Motions, renders the remaining claims and counterclaims duplicative of relief that should be sought in the prior action, C20-1245RSM. Mr. Tierney's supplemental briefing reinforces the Court's conclusion that his requested relief is properly brought in that case. *See, e.g.,* Dkt. #33 at 7 ("Adding fees to Tierney's loan was not in furtherance of the relief sought in the RESPA

ORDER OF DISMISSAL - 2

action. To the contrary, it was contempt punishable by fine, imprisonment or both.") (emphasis omitted). The Court does not find that this privilege shields Counter-defendants from liability for their actions, just that a new lawsuit seeking to hold Counter-defendants liable for their actions in the prior case is duplicative, improper, and a waste of judicial resources.

Both parties spend several pages rehashing prior arguments on the merits of their claims. However, in the end, the parties appear to agree with each other and the Court that the outstanding issues can be addressed in the prior action, C20-1245RSM. Counter-defendants state:

> In its third question, the Court asked: "why should this dispute not be heard in the prior case via a motion seeking a contempt of Court ruling, through a motion for sanctions, or through some other motion? How is the relief requested in this case different than the relief available in the prior case." Since both cases, Case No. 2:20-cv-01245-RSM and the instant action, are pending before Hon. Ricardo S. Martinez, Defendants acknowledge and agree that the issue asserted in BNYM's Complaint, *i.e.*, BNYM's authority to assess its attorney's fees and costs to Tierney's loan can be resolved by Judge Martinez by way of a motion filed in Case No. 2:20-cv-01245-RSM, should that matter be reopened. Tierney's counter/third party claims, these claims can also be resolved by way of a motion in Case No. 2:20-cv-01245-RSM, as the relief requested in this case is available in the prior action.

Dkt. #32 at 10. Mr. Tierney comes to a similar conclusion, with a caveat:

> As set forth above, the conduct of the bank defendants indeed constitutes contempt. However, Tierney has suffered compensable harm for this conduct that is not redressed with fines or prison time. Tierney does not object to having all issues resolved under the prior case number, provided that the new claims asserted in the counter/third party complaint are included in the issues presented.

Dkt. #33 at 9. The Court disagrees with this framing. Mr. Tierney should move for sanctions that will compensate his alleged harm, not a fine to be paid into the Court registry. He does not need to raise new claims or bring new causes of action.

ORDER OF DISMISSAL - 3

Accordingly, having considered the supplemental briefing and the remainder of the record, the Court hereby finds and ORDERS that the remaining claims in this case are properly dismissed under the litigation privilege and as duplicative of relief available and properly sought in C20-1245RSM, which shall be reopened for that limited purpose. Mr. Tierney is directed to file a single motion in that case setting forth the proper basis or bases for his requested relief. That motion shall be no more than twelve (12) pages in length and noted for consideration three Fridays after filing. Counter-defendants shall respond the Monday before the noting date, and any reply brief shall be due on the noting date. Such motion must be filed within thirty (30) days of this Order. All pending Motions in this case are STRICKEN. This case is CLOSED. The Court DIRECTS the clerk to REOPEN C20-1245RSM.

DATED this 5th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4